358 S.E.2d 823

**WEST VIRGINIA DEPARTMENT OF ENERGY: Kenneth R. Faerber, Commissioner of the West Virginia Department of Energy; and Mark Scott, Director of the Division of Mines and Minerals of West Virginia Department of Energy**

v.

**HOBET MINING AND CONSTRUCTION COMPANY.**

No. 17157.

Supreme Court of Appeals of West Virginia.

June 30, 1987.

Laura Beverage, Jackson, Kelly, Holt & O'Farrell, Charleston, for appellant.

Charles G. Brown, Atty. Gen., Steve Barcley, Asst. Atty. Gen., for appellee.

NEELY, Justice:

This case arises from an accident at Hobet Mining Company's strip mine located in Boone County. Hobet was in the process of removing material known as innerburden to reach a coal seam at Hobet Mine No. 21. The ordinary procedure for removing innerburden is to drill holes into the strata, pack the holes with explosive charges, detonate the charges, remove the shattered material and repeat the process. After one such charge was detonated, Burton N. Lay was struck in the back by a piece of fly rock that had traveled 1,115 feet. His resulting injuries required extensive medical treatment and he is now permanently paralyzed from the mid-back down.

The West Virginia Department of Mines investigated the accident. Their findings determined that the procedures used in setting and detonating the blast that injured Mr. Lay at Hobet No. 21 was the standard procedure at Hobet, and that Hobet had experienced fly rock traveling in excess of 1500 feet before. Nonetheless, Hobet continued to allow employees to place themselves in unsheltered positions at various distances from explosive charges while they were detonated. Based on these facts, the Department issued a notice of violation to Hobet for failing to maintain a safe blasting area as defined in *West Virginia Administrative Rules and Regulations*, Series III, § 3.32.

Following a full evidentiary hearing before the Department of Mines Hearing Examiner, Hobet was assessed a fine of $1000.00 for not maintaining a safe blast area. Hobet appealed to the Kanawha County Circuit Court. The circuit court, by final order on 10 May 1985, reversed the hearing examiner's decision. The circuit court applied a higher standard of proof than that applied by the department and held that there must be a *knowing* violation. The State appealed the circuit court's order to this Court on 14 January 1986.

Hobet now challenges the State's right to continue to prosecute this appeal because the State failed to comply with the jurisdictional provision of *W. Va. Code*, 22A-1A-17(d) [1985]. We agree and grant Hobet's motion to dismiss.

I

Despite the fact that the West Virginia State Mine Law contains a specific judicial review provision at *W. Va. Code*, 22A-1A-17(d) [1985] requiring that an appeal from a circuit court decision to this Court be filed within sixty days, the state failed to file its appeal with this Court until 14 January 1986, a full six months after the statutory appeal time had run. On 3 January 1986 the state served a "Motion to Enlarge Time" asking this Court to excuse their failure to comply with the statutory jurisdictional mandate because the state's counsel had failed to ascertain the appropriate jurisdictional provision. Over Hobet's objection and formal motion to dismiss, this Court permitted the State to pursue the appeal and entered an order granting the petition. This was done so that the entire case could be evaluated and we could hear full arguments.

The appellate record was filed with the circuit court on 10 December 1986, and was received here on 17 December 1986. Accordingly, the State's brief was due in this Court on or before 16 January 1986. Again, the state failed to meet its deadline and Hobet filed a motion to dismiss the appeal for the second time because of the

state's failure to file its brief in a timely manner. "Under the Rules of Civil Procedure, Rule 72, the full time for filing a petition for appeal commences to run and is to be computed from the entry of the judgment order, unless some timely motion is made under the rules referred to in Rule 72 which would suspend the commencement of the appeal period." *Sothen v. Continental Assurance Co.*, 147 W.Va. 458, 128 S.E.2d 458 (1962).[1]

The sixty day time limitation established by the *W.Va.Code*, 22A–1A–17(d) [1985] is clear, unambiguous and recognizes *no exceptions*. Although not previously construed by this Court, it is similar in form and purpose to *W.Va.Code*, 58–5–4 [1965] which generally governs appeals from the circuit court to the Supreme Court of Appeals and is essentially restated in Rule 3 of the Rules of Appellate Procedure.[2]

■ When presented with untimely appeals under *W.Va.Code*, 58–5–4 [1965], this Court has consistently held that the statute is jurisdictional and that failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal. *Kentucky Fried Chicken of Morgantown, Inc. v. Sellaro*, 158 W.Va. 708, 214 S.E.2d 823 (1975); *Wheeling Dollar Saving and Trust Co. v. Singer*, 162 W.Va. 502, 250 S.E.2d 369 (1978). In these cases, the only question with respect to jurisdiction requires the court to ascertain the date on which the final order was entered because that date determines the beginning of the time for appeal under the statute. As noted by this Court in *State v. De Spain*, 139 W.Va. 854, 81 S.E.2d 914 (1954), "[w]here the Legislature has prescribed limitations on the right to appeal,

such limitations are exclusive and cannot be enlarged by the Court."

■ This Court's rationale in *Kentucky Fried Chicken of Morgantown* and *Wheeling Dollar Saving and Trust Co., supra,* must be applied to the present case. Both *W.Va.Code*, 58–5–4 [1965] and *W.Va.Code*, 22A–1A–17(d) [1985] provide for a period during which appeals to this Court are allowed. The shorter period provided for in *W.Va.Code*, 22A–1A–17(d) [1985] indicates that the Legislature intended review of decisions concerning mine violations to be conducted expeditiously. Such an intent is consistent with all of the provisions of the West Virginia Mine Law requiring that enforcement actions take place with reasonable promptness and be concluded quickly.[3]

## II

■ The State would like us to expand the jurisdictional requirement of *W.Va. Code*, 22A–1A–17(d) [1985] through a rule of the court that would enlarge their time to file an appeal. When read synoptically, Rules 2, 3, and 16 of the *Rules of Appellate Procedure* allow this court to suspend or enlarge the time period to file an appeal. However, all three rules require that good cause be shown to support any enlargement of time. These rules allow the court to take into account the parties' administrative problems such as lack of a transcript or the death or reassignment of an attorney. However, requests to enlarge time must usually be made before the fact. In the present case, the State does not meet the burden of showing good cause for filing an appeal six months late and Rules 2,

---

1. Rule 72 states:
    "The full time for filing a petition for appeal commences to run and is computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion were granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or granting or denying a motion for a new trial under Rule 59."

2. *W.Va.Code*, 22A–1A–17(d) [1985] states:
    "The judgment of the court shall be subject to review only by the Supreme Court of Appeals of West Virginia upon a writ of certiorari filed in such court within sixty days from the entry of the order and decision of the circuit court upon such appeal from the commissioner."

3. *See, W.Va.Code*, 22A–1A–12 [1985], and *W.Va. Code*, 22A–1A–13 [1985].

3, and 16 will not shield the State from the running of the statute of limitations.

This court has no authority in the present case to alter or suspend the statutory requirements of *W.Va.Code*, 22A–1A–17(d) [1985]. Otherwise, simply by restating the statute as a rule, this Court could suspend any law duly enacted by the Legislature. Such a notion far exceeds legitimate judicial authority and represents an obvious violation of the Separation of Powers Doctrine under the *West Virginia Constitution*, Article V, § 1 that prescribes the division of powers among the legislative, executive and judicial departments.[4]

In the present case, the legislature clearly intended to require that a petition for a writ of certiorari from a circuit court's order under the West Virginia Mine Laws be made within sixty days of the final order. Permitting the state in this case to file its petition six months out of time would exceed even the most liberal concepts of legitimate latitude in procedural law. Accordingly, we grant Hobet's motion to dismiss the State's petition for writ of certiorari.

Dismissed.

**4.** The provisions of Article V have been repeatedly recognized by this Court as an integral foundation of the system of law of this State and have been strictly construed and followed. *See generally, State ex rel. State Building Comm.*

*v. Bailey*, 151 W.Va. 79, 150 S.E.2d 449 (1966); *State v. Huber*, 129 W.Va. 198, 40 S.E.2d 11 (1946); *Simms v. Fisher*, 125 W.Va. 512, 25 S.E.2d 216 (1943); *State ex rel. Barker v. Manchin*, 167 W.Va. 155, 279 S.E.2d 622 (1981).