# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Judith T.,**
**Respondent Below, Petitioner**

**FILED**

**March 14, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-0633** (Kanawha County 02-D-2143)

**Steven T.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judith T.,[1] appearing *pro se*, appeals the May 22, 2013 order of the Circuit Court of Kanawha County that denied her appeal from an April 3, 2013 order of the Family Court of Kanawha County. In the April 3, 2013 order, the family court (1) affirmed its previous calculation of child support for the period from January 1, 2005, through July 30, 2009; (2) found efforts to collect child support by the West Virginia Bureau of Child Support Enforcement ("BCSE") and/or Respondent Steven T. were neither invalid nor erroneous; and (3) determined petitioner's collection efforts against respondent during a prior period of time during which respondent was found in child support arrears under a January 11, 2006 temporary order were null and void. Respondent Steven T., by counsel Ariella G. Silberman, filed a response and a cross-appeal. Petitioner filed a reply.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by a bifurcated divorce order entered December 30, 2005. A May 14, 2008 amended final order then addressed equitable distribution, parenting, and child support. Prior to the amended final order's entry, a January 11, 2006 temporary order had designated petitioner as the primary custodial parent of both of the parties' children and required

---

[1] "We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services v. Cheryl M.,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2] Petitioner and respondent each moved to supplement the appendix. After careful consideration of the motions, as well as petitioner's response in opposition to respondent's motion to supplement, this Court orders the supplemental appendices filed.

respondent to pay child support in the amount of $2,121.17 per month for the period commencing on March 1, 2004.

The amended final order modified the temporary order by (1) designating respondent as the primary custodial parent of the parties' son while leaving petitioner as the primary custodial parent of their daughter; (2) ordering petitioner to pay respondent child support in the amount of $2,055 per month commencing on February 1, 2006 and continuing until such time as the parties' son finishes high school at a military academy in Virginia;[3] and (3) directing that once the parties' son graduates high school, respondent would owe petitioner child support in the amount of $911 per month.

Petitioner appealed the amended final order to the circuit court alleging fourteen different assignments of error with regard to both equitable distribution and calculation of child support. On October 28, 2008, the circuit court denied petitioner's appeal in part and granted it in part. The circuit court ruled, in pertinent part, as follows:

> [Petitioner's] appeal is hereby GRANTED upon the issue of whether the Family Court erred in ruling that [respondent's] pension contributions should not be included as income for child support purposes. All other grounds for appeal listed in [petitioner's] Petition for Appeal are hereby DENIED and the judgment of the Family Court is AFFIRMED as to all grounds given for appeal except the issue of pension contributions as income.

On remand, the family court held a June 17, 2009 hearing to recalculate child support. Petitioner did not appear. The family court proceeded with the hearing, finding that petitioner had notice. Consistent with the circuit court's ruling that respondent's pension contributions should be counted as income, the family court determined that for the period from February 1, 2006 through May 31, 2007, petitioner owed respondent in the amount of $1,929.64 per month and that for the period commencing on June 1, 2007, respondent was required to pay petitioner $986.73 per month in child support. Because of these recalculations, the family court found that each party owed an arrearage to the other: (a) petitioner owed respondent $37,562.94; and (b) respondent owed petitioner $5,018.95. With the two amounts off-setting each other, the family court concluded that petitioner owed respondent $32,543.99, plus interest at the statutory rate, in unpaid child support.

However, during the time that the temporary order was in effect, respondent had been found in arrears and petitioner had initiated various collection actions against him. As a result of the May 14, 2008, amended final order that recalculated child support, the family court granted respondent's motion to quash writs of execution and declared several judgments petitioner had obtained against him null and void. In its June 18, 2009 order, the family court noted that petitioner had informed the court by letter that she would not be able to attend the hearing on respondent's

---

[3] The family court gave respondent a credit in calculating child support because respondent was paying $2,258.82 per month in tuition for the parties' son to attend military school.

motion to quash, but ruled that the hearing proceed without petitioner's attendance because she had failed to move to continue the hearing or to return phone messages from court staff.

Petitioner appealed to the circuit court alleging that her rights to notice and an opportunity to be heard were violated when the family court recalculated child support and found her in child support arrears, and when the family court granted respondent's motion to quash, because she was not present at either hearing. Petitioner asserted that she was entitled to a properly noticed hearing for the purpose of recalculating child support for the period from January 1, 2005, through July 30, 2009. On August 28, 2011, the circuit court determined that petitioner was denied notice and an opportunity to be heard, and ordered that petitioner was entitled to a new hearing before Family Court Judge Ballard.[4]

The family court held a hearing on March 25, 2013, at which both parties appeared. The family court allowed petitioner to present all the issues she wished to raise, and also heard opposing argument and testimony from respondent.[5] In an order entered April 3, 2013, the family court determined that "the numbers used in the [prior child support] calculations were appropriate and would not have changed based upon [petitioner's] newly provided evidence taken by this Court on March 25, 2013." The family court further noted that "[the] offsetting of arrears is the typical procedure when it comes to cross claims for child support arrears[.]" Thus, the family court ruled that in accordance with the May 18, 2008 amended final order, petitioner's collection efforts against respondent during the period respondent was found in child support arrears under the January 11, 2006 temporary order were "null and void." The family court found that the child support arrearage petitioner owes respondent under the calculations following the amended final order remained valid and owing. Finally, the family court determined that neither respondent nor the BCSE acted inappropriately in their efforts to collect that arrearage from petitioner.[6] Petitioner appealed the family court's April 3, 2013 order to the circuit court which denied her appeal on May 22, 2013.

Petitioner appeals the circuit court's May 22, 2013 order that denied her appeal from the family court's April 3, 2013 order, while respondent cross-appeals challenging two prior rulings made in this case. We review a circuit court's denial of the appeal from a family court order under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to

---

[4] The parties' case had been reassigned to Judge Ballard following the entry of an administrative order by the Chief Justice of this Court on November 24, 2010.

[5] The parties did not include the video recording of the March 25, 2013 hearing, in the record on appeal. However, this Court obtained a copy from the family court and has viewed it.

[6] The BCSE appeared at the March 25, 2013 hearing, but is not participating in this appeal.

the facts under an abuse of discretion standard. We review questions
of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

<u>PETITIONER'S APPEAL LACKS MERIT</u>

Petitioner avers that the family court erred in its April 3, 2013 order, but concedes that her appeal presents questions of fact: (1) Whether the family court's child support calculation was clearly inaccurate; and (2) whether the family committed reversible error in enforcing that inaccurate child support calculation. Respondent argues that petitioner's appeal lacks merit because petitioner has had repeated opportunities to show that the child support calculation is erroneous, and has failed to do so. This Court notes that the family court gave petitioner the new hearing to which the circuit court ruled she was entitled. The video recording from the hearing confirms that petitioner was permitted to present all the issues she desired to raise. The family court also heard opposing argument and testimony from respondent.[7] "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). This Court concludes that the family court did not clearly err in affirming its previous calculation of child support for the period from January 1, 2005, through July 30, 2009, and in making its associated rulings on the validity of each party's efforts to collect arrearages from the other.

<u>RESPONDENT'S CROSS-APPEAL IS UNTIMELY</u>

Respondent appeals (1) the circuit court's October 28, 2008 ruling that respondent's pension contributions be included as income for purposes of child support; and (2) the family court's alleged failure in not crediting him with making a $20,050 payment to reduce marital debt in its May 14, 2008 amended final order in which it made the equitable distribution. "When presented with untimely appeals under *W.Va. Code,* 58-5-4 [1965], this Court has consistently held that the statute is jurisdictional and that failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal." *W. Va. Dept. of Energy v. Hobet Min. and Const. Co.*, 178 W.Va. 262, 264, 358 S.E.2d 823, 825 (1987); *see also* Rule 5(f), W.V.R.A.P. With regard to respondent's first issue, the parties continued disputing both child support and the amount of respondent's pension contributions. However, the issue of whether the pension contributions were required to be included in respondent's income was definitively decided by the circuit court's October 28, 2008 order, which respondent did not appeal to this Court within the four-month time frame set forth in both West Virginia Code § 58-5-4 and Rule 5(f). The family court's ruling on the equitable distribution was made in an even earlier order, which respondent did not appeal either.[8] Therefore, this Court concludes that respondent's cross-appeal is untimely.

---

[7] No formal testimony was taken; however, at the beginning of the March 25, 2013 hearing, both parties were sworn.

[8] Even if the Court were to consider the second issue on its merits, the Court notes that in terms of the equitable distribution, the family court in the amended final order gave respondent an

For the foregoing reasons, we affirm the May 22, 2013 order of the Circuit Court of Kanawha County denying petitioner's appeal from the April 3, 2013 order of the Family Court of Kanawha County, and dismiss respondent's cross-appeal as untimely.

Affirmed and Cross-Appeal Dismissed as Untimely.

**ISSUED:** March 14, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

offset of $10,755.50 for sums he had expended "toward payment of the foregoing indebtedness." Thus, it appears that the family court considered respondent's argument that he deserved such a credit, but calculated the amount of the credit differently.