# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Walter L. Logan,**
**Plaintiff Below, Petitioner**

**FILED**

January 30, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0564** (Jefferson County 12-C-274)

**Heather M. McSharry,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Walter L. Logan, appearing *pro se*, appeals the order of the Circuit Court of Jefferson County, entered April 30, 2014, that denied his motion to reconsider its previous order, entered May 29, 2013, denying his request for injunctive relief against Respondent Heather M. McSharry.[1] Respondent, by counsel David A. Camilletti, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties live in the Maddex Farm Subdivision ("subdivision") in Jefferson County, West Virginia, and, as members of its homeowners' association, both agreed to be bound by the

---

[1] In his May 30, 2014 notice of appeal, petitioner indicated that he desired to appeal both the April 30, 2014, order that denied his motion to reconsider and the underlying May 29, 2013 order, that denied injunctive relief. On June 24, 2014, this Court directed petitioner to provide a statement of why he should be allowed to appeal the May 29, 2013 order, when his notice of appeal was filed beyond the four-month jurisdictional timeframe for filing an appeal. *See W. Va. Dept. of Energy v. Hobet Min. and Const. Co.,* 178 W.Va. 262, 264, 358 S.E.2d 823, 825 (1987) ("When presented with untimely appeals under *W. Va. Code,* 58-5-4 [1965], this Court has consistently held that the statute is jurisdictional and that failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal."); *see also* W.Va. R. App. P. 5(f). In a statement filed on August 27, 2014, petitioner conceded that his motion to reconsider was filed pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, and, therefore, the April 30, 2014, order denying that motion was the only order he was appealing. *See* Syl. Pt. 1, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85, 86 (1974) (holding that Rule 60(b) motion does not toll running of statutory appeal period on the underlying order). Therefore, we review only the April 30, 2014, order that denied petitioner's motion to reconsider.

1

subdivision's declaration of covenants and restrictions when purchasing their homes. Petitioner's residence is across the street from respondent's residence.

On July 23, 2012, petitioner filed an action against respondent in the Circuit Court of Jefferson County that sought to enjoin respondent to either remove or bring into compliance the following alleged violations of the subdivision's declaration: (1) the presence of a second driveway on respondent's property; (2) the presence of an oversized shed/garage on respondent's property; (3) the presence of motor vehicles on the yard of respondent's property, and (4) the location and extent of a fence on respondent's property.[2] The circuit court scheduled the action for a bench trial on April 25, 2013. However, the parties submitted cross motions for summary judgment and agreed to stipulated facts. After hearing argument, the circuit court determined that it should take limited evidence to more fully develop the following issues: (a) the pattern of usage of the shed, graveled and paved areas, and fence in respondent's backyard; (b) the timing of usage of such areas in respondent's backyard; and (c) respondent's intentions for the usage of such areas in her backyard. Petitioner testified and also presented the testimony of Joshua Arzt and Marc Saccucci. At all times relevant to this case, Mr. Arzt was the chairman of the subdivision's architectural review committee and Mr. Saccucci served as president of the subdivision's homeowners' association. Respondent testified in her defense.

Following the April 25, 2013 evidentiary hearing, the circuit court denied petitioner's request for injunctive relief against respondent. First, the circuit court found respondent's shed, graveled and paved areas, and fence complied with both the subdivision's declaration and the subdivision's architectural design guidelines. Second, the circuit court determined that neither respondent's former husband parking his truck on respondent's second driveway when the garage was full, nor respondent allowing overnight guests to park on the same three or four times a year, violated the declaration. Third, while respondent's former husband did violate the subdivision's declaration by keeping a recreational vehicle on respondent's property in early 2010, the vehicle was permanently removed from the property, except for brief periods of loading and unloading, on April 3, 2010 (and, also, respondent's former husband no longer resides with her). Fourth, the circuit court found that petitioner's testimony was not as credible as the testimony of Mr. Arzt, Mr. Saccucci, and respondent. Accordingly, the circuit court concluded that an injunction against respondent would be "inequitable and unnecessary" because "[t]here is no violation or activity happening in the present nor is any planned for the immediate future."

Following the entry of the order of the circuit court on May 29, 2013, denying injunctive relief, petitioner states that he discovered photos of respondent's property he did not realize he had. Petitioner states that he showed the photos to three other residents of the subdivision and obtained affidavits from them. Petitioner also prepared a second affidavit that he signed. Petitioner submitted the affidavits and the photos to the circuit court, along with a motion to reconsider, on September 20, 2013, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Petitioner argued that he was entitled to relief from the May 29, 2013, order because (1) there was "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)"; and (2) the circuit court was the victim of "fraud . . .,

_____

[2] We note that petitioner had the benefit of counsel during the circuit court proceedings.

2

misrepresentation, or other misconduct." W.Va. R. Civ. P. 60(b)(2) and 60(b)(3). More specifically, petitioner alleged that the photos and the new affidavits showed that respondent, Mr. Arzt, and Mr. Saccucci testified falsely at the April 25, 2013, evidentiary hearing. After respondent filed a response to petitioner's motion, the circuit court denied the motion by an order entered April 30, 2014, finding that (a) "[petitioner] had access to his alleged new evidence prior to the April 25, 2013, hearing and chose not to present that evidence at the hearing"; and (b) petitioner was attempting to "re-litigate" the case, which was not permissible under Rule 60(b).

Petitioner appeals only the circuit court's April 30, 2014, order denying his Rule 60(b) motion to reconsider;[3] we have no occasion to review the underlying May 29, 2013, order that denied an injunction against respondent. *See* Syl. Pt. 3 *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85, 86 (1974) ("An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order."). Accordingly, in reviewing the denial of the Rule 60(b) motion, "the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." Syl. Pt. 4, *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86. Furthermore, the denial of the motion will not be disturbed on appeal "unless there is a showing of an abuse of such discretion." *Id.* at Syl. Pt. 5.

On appeal, petitioner asserts that his alleged new evidence could not have been discovered with due diligence in time for the April 25, 2013, evidentiary hearing and that the evidence shows that respondent, Mr. Arzt, and Mr. Saccucci made factual misrepresentations to the circuit court. Respondent counters that petitioner's alleged new evidence could have been discovered with due diligence in time for the April 25, 2013 hearing. Respondent further asserts that petitioner's alleged new evidence is merely cumulative of evidence presented at the evidentiary hearing and that the new evidence's sole purpose was to impeach the credibility of the witnesses, who testified at the hearing—two factors that weigh against finding that the photos and affidavits petitioner submitted with his Rule 60(b) motion constitute newly discovered evidence. *See* Syl. Pt. 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894), *overruled on other grounds*, Syl. Pt. 6, *State v. Bragg,* 140 W.Va. 585, 586-87, 87 S.E.2d 689, 692 (1955) (setting forth factors to be considered when determining whether proffered evidence constitutes newly discovered evidence). We agree with respondent.

Petitioner contends that he rediscovered the photos at issue after the entry of the May 29, 2013, order that denied injunctive relief. Petitioner further contends that he rediscovered the photos when working on a new home improvement project and that the photos were taken during February of 2009. The photos depict respondent's property in the background. Petitioner asserts that, after rediscovering the photos, he showed the photos to three other subdivision residents and obtained affidavits from them. Tellingly, however, in his reply, petitioner states that there was "no reason to involve" these other residents ahead of the April 25, 2013 hearing, because a satellite photo from October of 2008 that was submitted at the hearing showed no second driveway on

---

[3] *See* fn. 1.

3

respondent's future property.[4] Petitioner asserts that the satellite photo contradicted respondent's pre-trial sworn statements that the second driveway was installed by the developer. Therefore, according to petitioner, at the time of the April 25, 2013 hearing, (1) petitioner already had photographic evidence that countered respondent's claim that the developer installed the second driveway on her property; and (2) petitioner was satisfied with his evidence such that he saw "no reason" to obtain affidavits from the other residents.

We find that this case is analogous to *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 705, 474 S.E.2d 872, 885 (1996), in which the party opposing summary judgment submitted enough evidence with its motion for reconsideration that summary judgment would have been precluded if the party had submitted its evidence at that stage. However, we affirmed the denial of the party's Rule 60(b) motion, stating that we disagreed with the party's argument that the circuit court abused its discretion in denying the motion because "Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit." *Powderidge*, 196 W.Va. at 705, 474 S.E.2d at 885 (Footnote omitted.) Even assuming, *arguendo*, that petitioner's alleged new evidence was sufficient to overturn the earlier denial of injunctive relief—which respondent does not concede—we find that the circuit court correctly determined that Rule 60(b) did not permit petitioner to rehash factual claims and attempt to "re-litigate" the case. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the motion to reconsider.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Jefferson County and affirm its April 30, 2014, order denying petitioner's motion to reconsider the May 29, 2013, order that denied injunctive relief.

Affirmed.

**ISSUED:** January 30, 2015

**CONCURRED IN BY:**

**Chief Justice Margaret L. Workman**
**Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry**

---

[4] Respondent did not purchase her property until the following February.

4