# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Clint Casto,**
**Petitioner Below, Petitioner**

**FILED**

April 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 14-0683** (Kanawha County 14-AA-14)

**Kanawha County Commission,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clint Casto, appearing *pro se*, appeals two orders of the Circuit Court of Kanawha County. In the first order, entered April 30, 2014, the circuit court denied petitioner's petition for writ of certiorari challenging Respondent Kanawha County Commission's January 9, 2014, order denying petitioner's appeal of the site approval for a cell phone tower adjacent to his property. In the second order, entered June 17, 2014, the circuit court denied petitioner's motion for reconsideration of its April 30, 2014, order.[1] Respondent, by counsel Andrew T. Gunnoe and Michael W. Taylor, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's property lies 156 feet from a site that has been approved by the Kanawha County Planning Commission ("Planning Commission") for a new cell phone tower in the Big

---

[1] Respondent argues that petitioner may appeal only the circuit court's June 17, 2014, order denying his motion for reconsideration of its April 30, 2014, order because petitioner did not file a separate notice of appeal as to the April 30, 2014, order and that petitioner's motion for reconsideration pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure did not toll the running of the appeal time as to that order. Pursuant to Rule 5(b) of the West Virginia Rules of Appellate Procedure, a party must file his notice of appeal within thirty days of the entry of the order he desires to appeal, and, pursuant to Rule 5(f), must perfect his appeal within four months of the order entry. Of these two time periods, only the time frame in which to perfect an appeal is jurisdictional. *See* W.Va. Code § 58-5-4; *W. Va. Dept. of Energy v. Hobet Min. and Const. Co.,* 178 W.Va. 262, 264, 358 S.E.2d 823, 825 (1987). Pursuant to this Court's July 21, 2014, scheduling order, the deadline for perfecting the appeal was October 20, 2014. Because petitioner perfected the appeal as directed in this Court's scheduling order, we find that the appeal of both orders is timely.

Chimney area of Kanawha County. Beacon Towers-VA, LLC ("Beacon Towers") will construct and own the tower, while AT&T Wireless ("AT&T") will be its tenant and place antenna equipment on the tower to provide improved cellular service.

The Planning Commission held the first of two public hearings on Beacon Towers' application for the cell phone tower on September 11, 2013. Petitioner and a neighbor, John Coulter, spoke against approving Beacon Towers' application. Specifically, Mr. Coulter noted numerous discrepancies within the application. The Planning Commission continued the hearing on the application so that Beacon Towers could make necessary corrections.

The Planning Commission held its second public hearing on the application for a new cell phone tower on October 9, 2013. At the October 9, 2013, hearing, Sammy Black represented Beacon Towers and stated that all of the discrepancies within its application had been corrected. Four area residents including petitioner, petitioner's mother, and Mr. Coulter spoke against approving the tower, while three others spoke in favor of the tower. One of the persons speaking in favor of the tower was Ashley Meadows, who stated that a new cell phone tower would increase the safety of her and her young daughter. Ms. Meadows stated that when she had an automobile accident two years prior, the lack of cell phone coverage caused her to have to walk with her daughter a number of miles in order to obtain help. Following the hearing, the Planning Commission approved Beacon Towers' application for a new cell phone tower in the Big Chimney area.

Petitioner appealed the approval of the new tower to respondent, which held a third public hearing on Beacon Towers' application on December 19, 2013. At the December 19, 2013, hearing, an AT&T representative stated that the tower was necessary to improve and extend cellular phone service in the area. In response to a question from respondent's president, a Beacon Towers representative confirmed the tower will be constructed according to its permit and the requirements of the Kanawha County Wireless Telecommunications Facilities Ordinance ("Ordinance"). Petitioner and Mr. Coulter again spoke against the tower, while Ms. Meadows and one other area resident advocated for the tower's approval. Ms. Meadows repeated that after her automobile accident, she had to walk miles with her daughter to obtain help as a result of the lack of cell coverage. Respondent noted that while other persons did not speak individually, "when asked[,] various members of the public located in the back of the meeting expressed support for the tower." Following the hearing, respondent voted to deny petitioner's appeal and affirm the Planning Commission's approval of the new cell phone tower. Petitioner filed a motion to have respondent reconsider its decision to affirm the tower's approval. Respondent considered petitioner's motion at its January 9, 2014, meeting. Respondent left its affirmation of the tower's approval undisturbed.

In its written order denying petitioner's appeal, dated January 9, 2014, respondent made the following conclusions:

> 5. After holding three public hearings on this matter, it appears the primary argument of those in opposition to the tower is that increased coverage and service is not needed in the Big Chimney area. Based on the representations

of AT&T, Beacon Towers, and statements of several local residents, [respondent] finds that increased coverage and service is needed in the area surrounding the cell tower.

6.   That "perceived health risks" as set forth in the Petition for Appeal, and as voiced by those in opposition during the public meeting, are not a sufficient basis to deny this application.

7.   The sentiment that this cell tower will be an unsightly or visually unappealing structure is not a sufficient reason to deny the application. Likewise, [respondent] finds that this tower will not have an unreasonable adverse impact on the scenic resources within Kanawha County.

8.   That new wireless communications technologies may be available is not a sufficient reason to deny the application.

9.   Upon review, [respondent] finds that the application of Beacon Towers meets the rigorous requirements for approval as set forth in the [Ordinance].

10.  [Respondent] finds that the Petition for Appeal contains no basis on which to deny the tower application of Beacon Towers.

11.  For the above reasons, the Petition for Appeal is **DENIED**. The decision of the [Planning Commission] approving the application of Beacon Towers is **AFFIRMED**.

On February 4, 2014, petitioner filed a petition for writ of certiorari in the Circuit Court of Kanawha County challenging respondent's decision to affirm the Planning Commission's approval of a new cell phone tower. The circuit court denied the petition on April 30, 2014, finding that "[respondent] was not plainly wrong in its factual findings, nor did it apply an erroneous principle of the law in affirming the approval of [Beacon Towers'] application[.]" On May 19, 2014, petitioner filed a motion for reconsideration of the April 30, 2014, order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. On June 17, 2014, the circuit court denied the motion for reconsideration. Petitioner now appeals the denial of a writ of certiorari to respondent's decision to affirm the cell phone tower's approval.[2]

Petitioner possesses standing to challenge respondent's decision.

As a preliminary matter, we address respondent's argument that petitioner does not possess standing to challenge its decision to affirm the cell phone tower's approval because he is not an "aggrieved person" pursuant to West Virginia Code § 8A-1-2(b)(2).[3] Respondent asserts that

---

[2] Respondent indicates that Beacon Towers has not begun construction of the cell phone tower.

[3] Chapter 8A of the West Virginia Code regulates land use planning, including the process

3

petitioner's complaints about the tower's "perceived health risks," unsightliness, etc. are no different than those criticisms commonly made by the general public regarding cell phone towers. We do not accept respondent's argument because the Ordinance recognizes that property owners who live within 300 feet of a proposed tower site may be uniquely affected by the approval of a tower. Section 6.5 of the Ordinance provides that such property owners are entitled to receive notice of the public hearing on the tower application. Respondent does not dispute that petitioner's property lies 156 feet from the approved site. Also, Section 3 states that one purpose of the Ordinance is to protect the "scenic and visual character" of the surrounding community. Thus, we find that petitioner's grievance that he does not want to see the cell phone tower while in his backyard comes within the ambit of policy goals that the Ordinance seeks to balance. Therefore, we conclude that petitioner has standing to challenge respondent's decision to affirm the tower's approval.

<u>No reason exists to disturb respondent's decision.</u>

Pursuant to West Virginia Code § 8A-9-1(b), an aggrieved person may seek review of a planning decision by filing a petition for writ of certiorari. When reviewing a planning decision, a court may disturb the decision only where the relevant body "has applied an erroneous principle of law, was plainly wrong in its factual findings, or acted beyond its jurisdiction."[4] Syl. Pt. 7, *Kaufman v. Planning & Zoning Com'n of City of Fairmont*, 171 W.Va. 174, 176, 298 S.E.2d 148, 150 (1982) (quoting Syl. Pt. 5, in part, *Wolfe v. Forbes,* 159 W.Va. 34, 35, 217 S.E.2d 899, 900 (1975)).

Petitioner generally argues that (1) insufficient process was afforded to those opposing the new cell phone tower during the approval process; and (2) Beacon Towers' application was deficient. Respondent counters that (1) petitioner received due process because he had both notice and an opportunity to voice his opposition to the cell phone tower; and (2) respondent made the determination that Beacon Towers' application met the Ordinance's requirements for approval. We agree with respondent.

First, we note that we have reviewed the minutes and audio recordings of the September 11, 2013, and the October 9, 2013, hearings before the Planning Commission[5] and the minutes and audio recording of the December 19, 2013, hearing before respondent. We find that petitioner was afforded both notice and an opportunity to be heard. We also find that contrary to petitioner's assertions that Beacon Towers acted in bad faith, Beacon Towers representatives did not pass themselves off as also representing AT&T during the approval process. Therefore, we conclude

of appealing planning decisions.

[4] We find that only the first two aspects of the standard of review are involved in this case because petitioner does not allege that respondent acted beyond its jurisdiction.

[5] We note that the audio recording of the October 9, 2013 hearing, is incomplete, but captures petitioner speaking against the cell phone tower.

4

that petitioner received the process due him as an area resident opposed to the approval of the cell phone tower.

Second, we determine that petitioner's contention that Beacon Towers' application was deficient can be easily resolved. In its January 9, 2014, order, respondent found that "the application of Beacon Towers meets the rigorous requirements for approval as set forth in the [Ordinance]." Under the applicable standard of review, we may not overturn respondent's finding unless it is plainly wrong. We find that nothing in the record indicates that respondent was plainly wrong in finding that Beacon Towers' application satisfied the Ordinance's requirements.

"When an applicant meets all requirements, . . . approval is a ministerial act and a planning commission has no discretion in approving the submitted application." Syl. Pt. 8, *Kaufman*, *Id.* at 176, 298 S.E.2d at 150. Accordingly, we determine that respondent did not apply an erroneous principle of the law in affirming the approval of Beacon Towers' application. We conclude that the circuit court properly denied petitioner's petition for writ of certiorari because no reason existed to disturb respondent's decision.

<u>Petitioner's motion merely sought to re-litigate the issue already decided.</u>

"Our review of a denial of a motion to reconsider is for an abuse of discretion." *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 705, 474 S.E.2d 872, 885 (1996). After reviewing petitioner's motion for reconsideration of the circuit court's April 30, 2014, order upholding respondent's decision, we find that the motion merely sought to re-litigate the issue and was, therefore, meritless. *Id.* ("Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit."). Therefore, we conclude that the circuit court did not abuse its discretion in denying the motion.

For the foregoing reasons, we find no error in the decisions of the Circuit Court of Kanawha County. We affirm (1) the circuit court's April 30, 2014, order denying petitioner's petition for writ of certiorari challenging respondent's January 9, 2014, order denying petitioner's appeal of the site approval for the cell phone tower adjacent to his property; and (2) the circuit court's June 17, 2014, order denying petitioner's motion for reconsideration of its April 30, 2014, order.

Affirmed.

**ISSUED:** April 17, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5