# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas C. Shrader,**
**Petitioner Below, Petitioner**

**vs)  No. 17-0299** (McDowell County 15-C-93)

**State of West Virginia,**
**Respondent Below, Respondent**

**FILED**

**February 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas C. Shrader, pro se, appeals the February 3, 2017, order of the Circuit Court of McDowell County dismissing his second petition for a writ of *coram nobis*. Respondent State of West Virginia ("the State"), by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1975, petitioner was charged with murder in two cases arising from the same incident wherein he allegedly shot multiple persons. Each of the two indictments returned against petitioner charged him with "murder" and alleged that he "feloniously, willfully, maliciously, deliberately[,] and unlawfully did slay, kill[,] and murder" the victim. In so charging petitioner, the indictments substantially followed the relevant statutory language that:

> [i]n an indictment for murder and manslaughter, it shall not be necessary to set forth the manner in which, or the means by which, the death of the deceased was caused, but it shall be sufficient in every such indictment to charge that the defendant did feloniously, willfully, maliciously, deliberately[,] and unlawfully slay, kill[,] and murder the deceased.

W.Va. Code § 61-2-1.

On January 20, 1976, petitioner and the State entered into a plea agreement. Petitioner agreed to plead guilty to first-degree murder with regard to each killing. With regard to a third

1

victim, petitioner pled guilty to unlawful wounding as a lesser included offense of malicious wounding. The State agreed to reduce the malicious wounding charge to unlawful wounding and to make recommendations of mercy with regard to each murder charge and of concurrent sentencing with regard to all three charges. The State informed the circuit court that the three offenses arose out of the "same facts and circumstances," during which petitioner killed two people and wounded a third person who was struck "by a bullet[,] but not too serious[ly]."

Each indictment was read to petitioner, who then entered his guilty plea. As to the murder indictments, petitioner pled guilty to two counts of first-degree murder. With regard to those guilty pleas, the circuit court warned petitioner as follows:

> THE COURT: Do you understand that this [c]ourt will sentence you to life imprisonment in the penitentiary on the indictment charging you with the murder of Howard William Adams, Jr., the [c]ourt would impose a life sentence with a recommendation of mercy on that indictment. Do you understand that the [c]ourt will then also impose a life sentence with the recommendation of mercy [o]n the indictment charging you with the murder of Geneva Miller? Do you understand that?
>
> [PETITONER]: Yes, sir, Your Honor.

The court twice inquired of petitioner whether he understood the consequences of his pleas. Both times, petitioner answered, "Yes, sir." Petitioner expressed satisfaction with his trial attorneys' performance, and the circuit court found that petitioner knowingly waived his constitutional rights and intelligently and voluntarily entered his guilty pleas.

The circuit court accepted petitioner's guilty pleas to two counts of first-degree murder and one count of unlawful wounding. The circuit court sentenced petitioner to a life term of incarceration with the possibility of parole with regard to each murder conviction and sentenced him to a twelve-month term of incarceration with regard to the unlawful wounding conviction. In accordance with the plea agreement, the circuit court ran petitioner's sentences concurrently with each other.

Petitioner initiated habeas corpus proceedings in both 1976 and 1984. In the first proceeding, the circuit court appointed petitioner habeas counsel and held a hearing in June of 1976. Following the hearing, the circuit court denied habeas relief. In the second proceeding, petitioner was again appointed counsel and afforded an omnibus hearing after which relief was denied.

On December 23, 1993, petitioner was released on parole which he completed in 1999. In June of 2010, petitioner was charged by a federal grand jury of being a felon in possession of a firearm. Ultimately, petitioner was found guilty of constructive possession of firearms. Because of

petitioner's record of three violent felonies,[1] his sentence was enhanced pursuant to the Armed Career Criminal Act to 235 months of incarceration.[2] Petitioner is currently incarcerated at United States Penitentiary-Mendota in Mendota, California.

On October 11, 2011, petitioner filed a petition for a writ of habeas corpus or, in the alternative, *coram nobis* in the circuit court. Petitioner contended that his first-degree murder convictions contributed to the enhancement of his federal sentence to 235 months of incarceration and that the indictments in his 1975 criminal case did not validly charge him with first-degree murder. Petitioner further alleged that his trial attorneys were ineffective because they failed to advise him that the indictments were invalid.

The circuit court denied petitioner's petition by order entered on May 11, 2012, and found that it did not have jurisdiction to grant petitioner habeas relief because of petitioner's discharge from supervision by the West Virginia Division of Corrections following the completion of his parole.[3] However, given petitioner's request for relief in *coram nobis*, the circuit court addressed his claims of invalid indictments and ineffective assistance of trial counsel. First, the circuit court found that petitioner was barred from raising either issue thirty-five years after the termination of the underlying criminal case because the claims were finally adjudicated or waived in the 1976 and 1984 habeas proceedings. Second, the court found that both claims failed on their merits because (1) the indictments did "not have to quote the statutory language exactly"; and (2) petitioner acknowledged at the plea hearing that his trial attorneys met with him several times and that he was "satisfied" with their performance. Petitioner appealed the circuit court's May 11, 2012, order to this Court.

On appeal, in *Shrader v. State ("Shrader I")*, No. 12-0982, 2013 WL 2149846 (W.Va. May 17, 2013) (memorandum decision), petitioner argued that the circuit court erred in denying his petition because he was entitled to *coram nobis* relief.[4] We disagreed and affirmed the May 11, 2012, order on the same grounds relied upon by the circuit court. First, we found that petitioner's claims of invalid indictments and ineffective assistance of trial counsel were previously adjudicated or waived given his obligation to raise "all matters known or which with reasonable diligence could have been known" in the 1976 and 1984 habeas proceedings. *Id.* at *2 (quoting Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (holding that a prior omnibus habeas corpus hearing allows the doctrine of res judicata to bar subsequent proceedings)). Second,

[1]Unlawful wounding is a felony pursuant to West Virginia Code § 61-2-9(a).

[2]The applicable provision of the Armed Career Criminal Act is set forth at 18 United States Code § 924(e)(1).

[3]Two years following the circuit court's decision, we held in syllabus point 3 of *Cline v. Mirandy*, 234 W.Va. 427, 765 S.E.2d 583 (2014), that jurisdiction does not exist to hear a habeas petition once an inmate is released on parole.

[4]We take judicial notice of the record in *Shrader*.

we found the core contention of both of petitioner's claims—that the indictments did not validly charge him with first-degree murder—was contrary to long-established West Virginia law that an "indictment is for *murder*, and it depends upon the proof, whether it is in the *first* or *second* degree." *Shrader I*, at *2 n.6 (quoting Syl. Pt. 4, *State v. Schnelle*, 24 W.Va. 767 (1884) (emphasis in original)). Subsequently, on July 20, 2015, petitioner filed a second *coram nobis* petition in the circuit court re-raising the issues rejected in *Shrader I*. By order entered on February 3, 2017, the circuit court dismissed the petition based on this Court's decision in *Shrader I* to affirm the denial of petitioner's previous *coram nobis* petition.[5]

Petitioner now appeals the circuit court's February 3, 2017, order dismissing his second *coram nobis* petition.[6] An order dismissing a *coram nobis* petition is reviewed for an abuse of discretion. *See State v. Hutton*, 235 W.Va. 724, 727, 776 S.E.2d 621, 624 (2015). Rule 21(a) of the West Virginia Rules of Appellate Procedure provides that a memorandum decision "address[es] the merits of the case." *See In Re: T.O.*, 238 W.Va. 455, 463, 796 S.E.2d 564, 572 (2017) (finding

---

[5]In the February 3, 2017, order, the circuit court noted that it previously appointed an attorney to represent petitioner in the instant *coram nobis* proceeding, but found that the attorney no longer practiced in West Virginia. Accordingly, the circuit court reconsidered its appointment of counsel and determined that it could dispose of petitioner's second *coram nobis* petition summarily. On appeal, petitioner challenges the circuit court's refusal to appoint another attorney to represent him and seeks appointment of appellate counsel by motions filed in this Court on March 14, 2017, and March 28, 2017. However, for reasons explained *infra*, we find that the circuit court correctly determined that it could summarily dispose of the instant petition; therefore, we deny petitioners' motions for appointment of appellate counsel.

[6]Petitioner's second *coram nobis* proceedings was one of four proceedings that he initiated in 2015 in an apparent effort to develop a case to reduce his currently enhanced federal sentence by challenging his 1975 first-degree murder convictions, his 1975 unlawful wounding conviction, and an escape conviction from 1977 and by asking the circuit court to declare his *federal* conviction invalid. At the approximately same time that the circuit court entered its February 3, 2017, dismissal of petitioner's second *coram nobis* petition, it also dismissed the other proceedings by three separate orders entered on January 30, 2017, and February 2, 2017. Petitioner's March 28, 2017, notice of appeal indicated that he wished to appeal the dismissal of each proceeding. This Court's April 21, 2017, scheduling order required petitioner to perfect his appeal by filing his brief and appendix on or before July 7, 2017, or the appeal would be dismissed. *See* W.Va.Rul.App.Proc. 5(g) (providing for dismissal of appeals not properly perfected); *W.Va. Dept. of Energy v. Hobet Min. and Const. Co.*, 178 W.Va. 262, 264, 358 S.E.2d 823, 825 (1987) (finding that an untimely appeal deprives this Court of jurisdiction). Petitioner's brief and appendix reflect that he perfected his appeal only with regard to the February 3, 2017, dismissal of his second *coram nobis* petition. Therefore, we find that there is no jurisdiction for this Court to consider petitioner's appeal of the January 30, 2017, and February 2, 2017, orders entered in the other proceedings. *See also* W.Va.Rul.App.Proc. 10(c)(7) (providing that "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented" and this Court "may disregard errors that are not adequately supported by specific references to the record on appeal").

that a memorandum decision is an adjudication on the merits); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014) (same).

On appeal, petitioner argues that our decision in *Shrader I* was not an adjudication on the merits because there was no jurisdiction to consider a habeas petition given the discharge of his sentence. The State counters that, because jurisdiction existed to consider a *coram nobis* petition, our decision in *Shrader I* constituted an adjudication on the merits and precludes the instant petition. We agree with the State and find that petitioner's argument is disingenuous given his request in *Shrader I* for *coram nobis* relief. *See* 2013 WL 2149846, at *1. In *Shrader I*, we treated the petition as seeking *coram nobis* relief. *See id.*, at *2. Therefore, we find that our decision in *Shrader I* was an adjudication on the merits.

Petitioner attempts to evade the preclusive effect of our decision in *Shrader I* by arguing that the instant petition is permitted under two exceptions to the doctrine of res judicata. In syllabus point 4 of *Losh*, we held as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . . or, a change in the law, favorable to the applicant, which may be applied retroactively.

166 W.Va. at 762-63, 277 S.E.2d at 608. First, petitioner contends that his attorneys in the 1976 and 1984 habeas proceedings were ineffective. However, we find that this contention is contrary to petitioner's statements in *Shrader I* where we found that "[p]etitioner does not dispute that he had habeas hearings in both 1976 and 1984, nor does he allege that those hearings were somehow procedurally deficient." 2013 WL 2149846, at *2. Petitioner fails to explain why, if he believed his habeas attorneys were ineffective, he did not raise that issue in *Shrader I*. Accordingly, we conclude that the instant petition is not permitted under the first exception to the doctrine of res judicata.

Second, petitioner contends that recent federal decisions constitute changes in the law favorable to him. However, one of those decisions, *McQuiggin v. Perkins*, 569 U.S. 383, __ 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019, 1027 (2013), addressed an exception to the statute of limitations governing *federal* habeas petitions and, therefore, has no application to this state proceeding. In the other decision, *United States v. Akinsade*, 686 F.3d 248, 256 (4th Cir. 2012), the United States Court of Appeals for the Fourth Circuit found that ineffective assistance of trial counsel entitled a criminal defendant to *coram nobis* relief. However, the basis for petitioner's reliance on *Akinsade* is his contention that his trial attorneys failed to advise him that the murder indictments were not valid. As both we and the circuit court found in *Shrader I*, the indictments were valid. 2013 WL 2149846, at *2 and n.6.[7] Therefore, we find that there is no exception to the

---

[7]Though still not entirely clear, petitioner's arguments herein are centered on the premise
(continued . . .)

doctrine of res judicata that would allow petitioner to proceed with the instant petition. Accordingly, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's second *coram nobis* petition.

For the foregoing reasons, we affirm the circuit court's February 3, 2017, order dismissing petitioner's second petition for a writ of *coram nobis*.

Affirmed.

**ISSUED**:   February 2, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

that the 1975 murder indictments were invalid because a "wilful, deliberate and premeditated killing" does not constitute first-degree murder under West Virginia Code § 61-2-1. We disagree and direct petitioner to our decision in *State v. Horn*, 232 W.Va. 32, 750 S.E.2d 248 (2013). In syllabus point 8 of *Horn*, we reiterated that a "wilful, deliberate and premeditated killing" is among the three categories of first-degree murder recognized by West Virginia Code § 61-2-1. 232 W.Va. at 36, 750 S.E.2d at 252; *see* Syl. Pt. 6, *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978) (same).