# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 17, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Thomas F. Basile,**
**Plaintiff Below, Petitioner**

**vs)   No. 16-0117** (Kanawha County 12-C-1551)

**The Calwell Practice, PLLC and**
**William Stuart Calwell, Jr.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Thomas F. Basile, pro se, appeals four orders of the Circuit Court of Kanawha County. In the first order, entered November 6, 2013, the circuit court (1) dismissed as moot Respondents The Calwell Practice, PLLC and William Stuart Calwell, Jr.'s (collectively, "respondent") motion for a declaratory judgment that petitioner had been paid in full by David Ford or, in the alternative, an injunction requiring petitioner to act in good faith by accepting payment from David Ford; and (2) denied petitioner's motion for sanctions pursuant to Rule 11 of the West Virginia Rules of Civil Procedure against respondent for filing its motion for a declaratory judgment or injunctive relief. In the second order, entered March 11, 2014, the circuit court denied petitioner's motion for relief from its November 6, 2013, order. In the third order, entered June 23, 2015, the circuit court dismissed petitioner's civil action against respondent. In the fourth order, entered January 6, 2016, the circuit court denied petitioner's motion for relief from its June 23, 2015, dismissal order. Respondent, by counsel Robert M. Bastress, III, filed a response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that (1) petitioner's appeal of the circuit court's November 6, 2013, March 11, 2014, and June 23, 2015, orders should be dismissed; and (2) there is no substantial question of law or prejudicial error regarding the circuit court's January 6, 2016, order. For these reasons, a memorandum decision (1) dismissing petitioner's appeal of the circuit court's November 6, 2013, March 11, 2014, and June 23, 2015, orders; and (2) affirming the circuit court's January 6, 2016, order is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

In *Ford v. The Calwell Practice*, No. 11-0882 (W.Va. Supreme Court, June 8, 2012) (memorandum decision), at 5, this Court affirmed a May 3, 2011, order of the Circuit Court of Logan County granting petitioner's motion to modify a previous allocation of attorney's fees among plaintiff's attorneys following the settlement of a personal injury action.[1] In its May 3, 2011, order, the Logan County Circuit Court left undisturbed the share of attorney's fees allocated to respondent, but decreased the share of the attorney's fees belonging to David Ford by 2% and increased the share of the attorney's fees belonging to petitioner by a corresponding 2%. As a result, the allocation of attorney's fees was, as follows: 55% to respondent; 31% to Mr. Ford; and 14% to petitioner.

After the entry of the May 3, 2011, order, but before this Court's affirmation of that order in *Ford*, petitioner demanded that respondent pay him $40,000 because Mr. Ford failed to pay him the 2% Mr. Ford owed him in attorney's fees, pursuant to an agreement entered into by petitioner and respondent.[2] The parties' agreement provided, in pertinent part, as follows:

> In the event the [Logan County Circuit Court] eventually shifts the percentages of the attorney fee upward for [petitioner] and downward for Ford and/or if the court sanctions Ford monetarily and awards those monetary sanctions to [petitioner], then [respondent] will pay [petitioner] whatever amount the court awards [petitioner], up to $40,000, by cashier's check, within 30 days of receiving written notice of said ruling, by having said cashier's check available for [petitioner] to pick-up at the law office of DiTrapano, Barrett, & DiPiero; provided that Ford does not himself pay to [petitioner] within that same 30-day time period, whatever amount the court awards [petitioner].

At that time, respondent objected to paying petitioner $40,000 on the ground that the May 3, 2011, order was not yet final because Mr. Ford was appealing it. While petitioner did not agree that the parties' agreement required that the order be final, he did not file the instant civil action alleging breach of contract during the pendency of the appeal in *Ford*.

Following the issuance of this Court's memorandum decision on June 8, 2012, affirming the May 3, 2011, order, petitioner once again demanded that respondent pay him $40,000, pursuant to their agreement. When respondent did not pay, petitioner filed the instant action on August 1, 2012, in the Circuit Court of Kanawha County alleging that respondent breached the

---

[1]We take judicial notice of the record in that case, *Ellis v. Hare*, Logan County Circuit Court Case No. 08-C-297.

[2]Petitioner and respondent entered into their agreement on December 9, 2010, following the Logan County court's initial allocation of the attorney's fees in an order entered November 10, 2010. Respondent wanted the agreement with petitioner because petitioner was objecting to the distribution of the attorney's fees from an escrow account and respondent desired to have its share of the attorney's fees in time for Christmas that year.

agreement and fraudulently induced him to enter into it with a promised payment that it never intended to make.[3] In response, respondent filed a motion for a declaratory judgment that petitioner had been paid in full by Mr. Ford or, in the alternative, an injunction requiring petitioner to act in good faith by accepting payment from Mr. Ford on August 3, 2016. Petitioner filed a response to respondent's motion on August 6, 2016.

On August 15, 2016, petitioner filed an amended complaint, which added claims that respondent breached the confidentiality clause in the parties' agreement by disclosing the same to Mr. Ford's attorney on or about August 8, 2012, and that respondent engaged in abusive process by filing its motion for a declaratory judgment or injunctive relief. Respondent filed a motion to dismiss the amended complaint on September 5, 2012.

Subsequently, on January 25, 2013, petitioner filed a motion for sanctions pursuant to Rule 11 of the Rules of Civil Procedure against respondent for filing its motion for a declaratory judgment or injunctive relief. Following a April 16, 2013, hearing, the Kanawha County Circuit Court (1) dismissed respondent's motion for a declaratory judgment or injunctive relief as moot; and (2) denied petitioner's Rule 11 motion. With regard to the motion for a declaratory judgment or injunctive relief, the Kanawha County Circuit Court found that it was rendered moot by the fact that petitioner accepted the full amount owed by Mr. Ford, or $74,504.86, following a December 10, 2012, order entered by the Logan County Circuit Court calculating the interest owed on the amount.[4] With regard to petitioner's Rule 11 motion, the Kanawha County Circuit Court found that such motion was without merit because respondent filed its motion for a declaratory judgment or injunctive relief based on the reasonable belief that petitioner could collect $40,000 from respondent and then proceed against Mr. Ford for the full amount owed by Mr. Ford. Petitioner filed a motion for relief from the Kanawha County Circuit Court's November 6, 2013, denial of his Rule 11 motion on November 22, 2013. On March 11, 2014, the Kanawha County Circuit Court denied petitioner's motion for relief from the November 6, 2013, order.

Following a change of judges due to retirement, the Kanawha County Circuit Court mistakenly dismissed petitioner's civil action against respondent due to alleged inactivity by an order entered March 25, 2015. Petitioner filed a motion to reinstate his action on April 8, 2015. At a May 19, 2015, hearing, the Kanawha County Circuit Court acknowledged its error and reinstated the action. The Kanawha County Circuit Court also noted that respondent filed a renewed motion to dismiss petitioner's action on April 28, 2015. The Kanawha County Circuit Court directed petitioner to file a response to the renewed motion within ten days and directed both parties to file proposed findings of fact and conclusions of law within fifteen days of petitioner's filing of his response. The Kanawha County Circuit Court indicated that it would set a hearing for "further argument" on respondent's renewed motion to dismiss only if necessary. Petitioner made no objection to the Kanawha County Circuit Court's directives and subsequently filed a response to

---

[3]Both parties reside in Kanawha County, where they entered into their agreement.

[4]The Logan County Circuit Court found it necessary to enter its December 10, 2012, order because petitioner and Mr. Ford were disputing the interest on the amount owed by Mr. Ford.

the renewed motion on June 3, 2015. Neither party filed proposed findings of fact and conclusions of law.

By order entered June 23, 2015, the Kanawha County Circuit Court dismissed petitioner's civil action finding that the exhibits attached to his amended complaint and the prior orders entered in both the instant case and the Logan County action showed that the allegations set forth in the amended complaint were insufficient to sustain the claims therein.[5] First, the Kanawha County Circuit Court found that the parties' agreement did not permit petitioner to collect $40,000 from respondent and then proceed against Mr. Ford for the full amount owed by Mr. Ford and that, as reflected in the court's November 6, 2013, order, in December of 2012, petitioner accepted the full amount owed from Mr. Ford. Second, with regard petitioner's claim that respondent breached the agreement's confidentiality clause, the Kanawha County Circuit Court found that the filing of petitioner's complaint (which included the agreement as an attached exhibit) made the agreement public. Third, the Kanawha County Circuit Court found that petitioner's fraudulent inducement claim was actually another breach of contract claim on which relief could not be granted for reasons already stated. Regarding petitioner's sub-claim that respondent conspired with Mr. Ford to evade its obligation under the parties' agreement to pay petitioner $40,000, the Kanawha County Circuit Court found that petitioner failed to allege that he relied on a fraudulent act undertaken by them. Finally, the Kanawha County Circuit Court found that relief could not be granted on petitioner's claim that respondent engaged in abusive process by filing its motion for a declaratory judgment or injunctive relief because, as reflected in the court's November 6, 2013, order, respondent filed its motion based on the reasonable belief that petitioner would collect $40,000 from respondent and then would proceed against Mr. Ford for the full amount owed by Mr. Ford.

Petitioner filed a motion for relief from the Kanawha County Circuit Court's June 23, 2015, dismissal order on July 13, 2015. At a December 11, 2015, hearing on petitioner's motion, he addressed arguments that he asserted that the Kanawha County Circuit Court failed to address in its dismissal order. The Kanawha County Circuit Court indicated that it was aware of petitioner's arguments, but found them to be without merit. Respondent argued that petitioner's motion presented "nothing new" and that the dismissal order was "correct and sound in its reasoning." The Kanawha County Circuit Court ruled that it understood that petitioner "disagree[d] with the [c]ourt's application of the law and the facts," but that it was going to deny

---

[5]The Kanawha County Circuit Court's consideration of the exhibits attached to petitioner's amended complaint and the prior orders entered in both the instant case and the personal injury action in the Logan County Circuit Court was proper under this Court's decision in *Forshey v. Jackson*, 222 W.Va. 743, 671 S.E.2d 748 (2008). In Syllabus Point 1 of *Forshey*, this Court held that "[a] circuit court ruling on a motion to dismiss under Rule 12(b)(6) of the . . . Rules of Civil Procedure may properly consider exhibits attached to the complaint without converting the motion to a Rule 56 motion for summary judgment." *Id.* W.Va. at 744, 671 S.E.2d at 749. The Court in *Forshey* further stated that, in ruling on such a motion, a court is permitted to "consider matters that are susceptible to judicial notice." *Id.* W.Va. at 747, 671 S.E.2d at 752 (internal quotations and citations omitted).

his motion for relief from the dismissal order. In its January 6, 2016, order, denying the motion, the Kanawha County court found that "[t]here is nothing of any consequence presented in the . . . motion that was not previously before the [c]ourt in its consideration of [respondent's renewed motion to dismiss]."

On February 5, 2016, petitioner filed a notice of appeal stating that he was appealing the following orders of the Kanawha County Circuit Court: (1) the November 6, 2013, order (a) dismissing as moot respondent's motion for a declaratory judgment or injunctive relief; and (b) denying petitioner's Rule 11 motion for sanctions against respondent for filing its motion for a declaratory judgment or injunctive relief; (2) the March 11, 2014, order denying petitioner's motion for relief from the November 6, 2013, order; (3) the June 23, 2015, order dismissing petitioner's civil action against respondent; and (4) the January 6, 2016, order denying petitioner's motion for relief from the June 23, 2015, dismissal order. However, this Court's February 29, 2016, scheduling order reflects that the only order being appealed was the order "entered on January 6, 2016."

We first address petitioner's contention that this Court has jurisdiction to accept his appeal with regard to the circuit court's November 6, 2013, March 11, 2014, and June 23, 2015, orders. While respondent does not raise this issue, we have "a responsibility *sua sponte* to examine the basis of [our] own jurisdiction." Syl. Pt. 1, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (same). Here, we find that both the circuit court's November 6, 2013, order and its June 23, 2015, dismissal order were final appealable orders at the time of their entry. Taking the last order first, petitioner does not dispute that the June 23, 2015, dismissal order was a final order because he notes that the circuit court included a handwritten notation that his civil action was dismissed "with prejudice."

While petitioner labeled his Rule 60(b) motion for relief from judgment as a motion to alter or amend the June 23, 2015, dismissal order under Rule 59(e), we find that, because this motion was not filed until July 13, 2015, it was three days past the ten-day deadline for filing Rule 59(e) motions.[6] Thus, we find that the filing of petitioner's July 13, 2015, motion did not toll the running of the time in which he had to appeal the June 23, 2015, dismissal order. *See* Syl. Pt. 1, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974) (holding that, unlike motions filed pursuant to Rule 59(e), Rule 60(b) motions do not toll running of statutory appeal period on the underlying order). Therefore, petitioner had four months from the dismissal order's entry on June 23, 2015, to appeal that order, but failed to do so.[7] Accordingly, we conclude that this Court does not have jurisdiction to consider petitioner's appeal of the June 23, 2015, dismissal order. *See W Va. Dept. of Energy v. Hobet Mining and Construction Co.*, 178 W.Va. 262, 264, 358 S.E.2d 823, 825 (1987) (finding

---

[6]Rule 59(e) provides that "[a]ny motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."

[7]Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4 both provide that there is a four-month period to appeal a final judgment or order.

that "[the] failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal")

With regard to the orders entered in 2013 and 2014, petitioner contends that the circuit court's November 6, 2013, order denying his Rule 11 motion for sanctions was not a final appealable order at the time of its entry. A final order is one that "terminates the litigation between the parties on the merits . . . and leaves nothing to be done but to enforce . . . what has been determined." *James M.B.*, 193 W.Va. at 291, 456 S.E.2d at 18, syl. pt. 3. In its November 6, 2013, order, the circuit court not only denied petitioner's Rule 11 motion, but also dismissed respondent's motion for a declaratory judgment or injunctive relief because it found that the issue raised in respondent's motion had been rendered moot by subsequent events. In its motion, respondent requested an order enjoining petitioner to either accept payment by Mr. Ford or acknowledge that he could be paid by Mr. Ford. The circuit court found that respondent's request for an injunction was no longer an issue between the parties because, by the time it heard respondent's motion, petitioner had accepted payment of the full amount owed from Mr. Ford. Therefore, we find that the November 6, 2013, order terminated litigation regarding respondent's request for an injunction and left nothing else to be done concerning that request given the fact that it had been rendered moot.[8]

While petitioner labeled his Rule 60(b) motion for relief from the circuit court's November 6, 2013, denial of his Rule 11 motion as a motion to alter or amend the judgment under Rule 59(e), we find that, because the motion was not filed until November, 22, 2013, it was filed past the ten-day deadline for filing Rule 59(e) motions. Thus, we find that the filing of petitioner's November, 22, 2013, motion did not toll the running of the time in which he had to appeal the November 6, 2013, denial of his Rule 11 motion. *See Toler*, 157 W.Va. at 778, 204 S.E.2d at 86, syl. pt. 1. Therefore, petitioner had four months from the entry of the November 6, 2013, order to appeal it, but failed to do so. Accordingly, we conclude that this Court does not have jurisdiction to consider petitioner's appeal of the denial of his Rule 11 motion. *See Hobet Mining*, 178 W.Va. at 264, 358 S.E.2d at 825. We likewise find that we do not have jurisdiction to consider petitioner's appeal of the circuit court's March 11, 2014, order denying his Rule 60(b) motion for relief from the circuit court's November 6, 2013, order because, while the denial of the Rule 60(b) motion is

---

[8]In its November 6, 2013, order, the circuit court did not foreclose respondent from being able to file a motion for attorney's fees and costs in defending against petitioner's Rule 11 motion. However, the circuit court expressly found that the issue of respondent's attorney's fees and costs was "not properly before it" because no such motion had yet been filed. Moreover, in labeling his motion seeking modification of the November 6, 2013, order, as a motion under Rule 59(e) and Rule 60(b), we find that petitioner conceded at the trial court level that the order was a final order. *See James M.B.*, 193 W.Va. at 293, 456 S.E.2d at 20 (describing motion pursuant to Rule 59(e) as a *post-judgment* motion); Syl. Pt. 3, *Hubbard v. State Farm Indemnity Co.*, 213 W.Va. 542, 584 S.E.2d 176 (2003) (holding that interlocutory orders should *not* be reviewed under Rule 60(b)).

itself a final appealable order,[9] petitioner failed to appeal the March 11, 2014, order within four months of its entry.

As reflected by our February 29, 2016, scheduling order, petitioner's appeal of the circuit court's January 6, 2016, order denying his Rule 60(b) motion for relief from the circuit court's June 23, 2015, dismissal order is the only appeal properly before us. We find that petitioner perfected his appeal of this order in accordance with Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4, both of which allow an extension of the four-month appeal period for up to two additional months.[10] However, "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86, syl. pt. 3.

In reviewing the denial of petitioner's Rule 60(b) motion, our function is limited to deciding whether the circuit court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner. *See* 157 W.Va. at 778, 204 S.E.2d at 86, syl. pt. 4. In this case, the circuit court found that there were insufficient grounds upon which to disturb the finality of its dismissal of petitioner's civil action because petitioner attempted to re-litigate issues "previously before the [c]ourt in its consideration of [respondent's renewed motion to dismiss]."[11] *See Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 705, 474 S.E.2d 872, 885 (1996) (stating that "Rule 60(b) motions which seek merely to re[-]litigate legal issues heard at the underlying proceeding are without merit") (footnote omitted). Upon our review of the substantial appendix filed by petitioner, which includes both of his complaints (with exhibits) and the transcripts of the May 19, 2015, hearing on respondent's renewed motion to dismiss and the December 11, 2015, hearing on petitioner's motion for relief from judgment, we find that the circuit court properly determined that petitioner merely sought to re-litigate issues the court had already heard and decided. Therefore, we conclude that the circuit

---

[9]"An order denying a motion under Rule 60(b) . . . is final and appealable." *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86, syl. pt. 2.

[10]On June 9, 2016, petitioner filed a motion for an extension of time in which to perfect his appeal. By an amended scheduling order, entered June 27, 2016, we granted the extension of time and noted that petitioner perfected his appeal by filing his opening brief and appendix on June 10, 2016.

[11]Petitioner complains that the circuit court's January 6, 2016, order denying his Rule 60(b) motion for relief from judgment was drafted by respondent's attorney. Respondent counters that it is common practice for attorneys to draft court orders. We agree with respondent and find that "we concern ourselves not with who prepared the findings for the circuit court, but with whether the findings adopted by the circuit court accurately reflect the existing law and the trial record." *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 214, 470 S.E.2d 162, 168 (1996). In this case, we find that they do.

court did not abuse its discretion in denying petitioner's Rule 60(b) motion for relief from the circuit court's June 23, 2015, dismissal order.

For the foregoing reasons, we (1) dismiss petitioner's appeal with regard to the circuit court's November 6, 2013, March 11, 2014, and June 23, 2015, orders; and (2) affirm the circuit court's January 6, 2016, order denying petitioner's Rule 60(b) motion for relief from judgment.

Dismissed, in part, and Affirmed, in part.

**ISSUED**:   February 17, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

8