# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jack R. Watts,**
**Petitioner Below, Petitioner**

**vs)   No. 18-0003** (Ohio County 13-C-230)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jack R. Watts, pro se, appeals the December 27, 2017, order of the Circuit Court of Ohio County denying his motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure for relief from an August 24, 2017, order denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Caleb Ellis, filed a summary response in support of the circuit court's order.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[2] Although Robert L. Hogan filed a summary response on respondent's behalf, respondent is no longer represented by Mr. Hogan in this matter.

1

Petitioner was sentenced on October 28, 2011, to an aggregate term of incarceration of 215 to 705 years and fifty years of supervised release upon his conviction of four counts of first-degree sexual assault, five counts of first-degree sexual abuse, and nine counts of sexual abuse by a person in a position of trust to a child. Thereafter, petitioner filed a direct appeal of his convictions with this Court. In *State v. Watts* ("*Watts I*"), No. 11-1643, 2013 WL 1632091 (W.Va. Apr. 16, 2013) (memorandum decision), this Court affirmed petitioner's convictions.

On July 17, 2013, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Ohio County asserting twenty-three grounds for relief.[3] Petitioner also requested the appointment of habeas counsel. By order entered on August 16, 2013, the circuit court appointed Attorney Mark Panepinto to serve as petitioner's habeas counsel and afforded him ninety days to submit a revised habeas petition on petitioner's behalf setting forth any and all grounds for post-conviction relief. However, on February 13, 2015, Mr. Panepinto filed a document with the circuit court styled as a "Certificate of No Merit" informing the court that he could not "ethically, and within the applicable rules, argue any of the issues asserted in the pending [h]abeas [c]orpus [p]etition" and that "there exists no other viable grounds for [h]abeas [c]orpus relief by virtue of an [a]mended [p]etition for [h]abeas [c]orpus as a [h]abeas [c]orpus action would have no merit." Based on Mr. Panepinto's representations, the circuit court denied petitioner's habeas petition in a brief order entered May 21, 2015.

In *Watts v. Ballard* ("*Watts II*"), 238 W.Va. 730, 798 S.E.2d 856 (2017), petitioner appealed the circuit court's May 21, 2015, order, arguing that the circuit court failed to make adequate findings of fact and conclusions of law justifying its denial of relief on the grounds

---

[3] Petitioner's twenty-three grounds for habeas relief are: (1) erroneous admission of evidence under Rule 404(b) of the West Virginia Rules of Evidence; (2) trial counsel's failure to file a motion to quash the indictment; (3) trial counsel's failure to subpoena and call defense witnesses; (4) trial counsel's failure to investigate petitioner's case; (5) trial counsel's failure to challenge "carbon copy" counts of the indictment on double jeopardy grounds; (6) trial counsel's failure to give proper advice as to whether to accept a plea offer; (7) trial counsel's failure to challenge the lack of a preliminary hearing; (8) trial counsel's failure to file a motion for a change of venue due to prejudicial media coverage; (9) trial counsel's failure to strike unqualified jurors; (10) trial counsel's failure to protect petitioner's right not to incriminate himself; (11) trial counsel's failure to request that the investigating officer be sequestered; (12) the State's failure to timely produce exculpatory evidence in the form of original statements by the victims; (13) prejudicial delay in prosecuting petitioner; (14) failure by an adult witness to immediately report the alleged crimes to the police; (15) unconstitutionally disproportionate sentence; (16) misconduct in obtaining a superseding indictment; (17) knowing use of perjured testimony; (18) prejudicial statements during closing arguments; (19) erroneous denial of petitioner's motion to set aside the verdict; (20) erroneous denial of petitioner's motion to suppress evidence; (21) appellate counsel's failure to raise all available issues in petitioner's appeal in *Watts I*; (22) use of improper techniques during interview of the complaining witnesses; and (23) cumulative error depriving petitioner of a fair trial.

asserted in petitioner's habeas petition. *Id.* at 732; 798 S.E.2d at 858. This Court agreed, finding that the circuit court "merely relie[d] upon the representations made by . . . petitioner's habeas counsel." *Id.* at 733, 798 S.E.2d at 859. This Court further found that "a habeas court has a duty to fully examine the record before deciding whether any basis exists to afford relief to a habeas petitioner." *Id.* at 735, 798 S.E.2d at 861. Accordingly, this Court reversed the May 21, 2015, order and remanded petitioner's case to the circuit court with directions to "mak[e] specific findings of fact and conclusions of law to support its ruling." *Id.* at 736, 798 S.E.2d at 862. This Court's mandate, issued on May 8, 2017, confirmed that the case was "remanded with directions."

On remand, the circuit court entered an order on August 24, 2017.[4] The circuit court denied petitioner's habeas petition, making comprehensive findings of fact and conclusions of law addressing each of petitioner's twenty-three grounds for relief. Petitioner did not immediately appeal the denial of his habeas petition, but on September 25, 2017, filed a motion for relief from the August 24, 2017, order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. The circuit court denied petitioner's motion by order entered December 27, 2017, finding that petitioner's arguments did not justify relief under Rule 60(b) because the motion "contain[ed] a recitation of [p]etitioner's previously asserted grounds for habeas relief." (Footnote omitted.)

On January 4, 2018, petitioner appealed both the circuit court's August 24, 2017, denial of his habeas petition and its December 27, 2017, denial of his Rule 60(b) motion. However, by scheduling order entered February 20, 2018, this Court ruled that it "will only address the issues considered by the circuit court in the December 27, 2017, order denying . . . petitioner's Rule 60(b) motion." Petitioner filed a motion asking this Court to reconsider that determination. By order entered March 6, 2018, this Court refused petitioner's motion, specifically finding that his appeal of the August 24, 2017, denial of his habeas petition was "statutorily out-of-time."

On appeal, petitioner persists in his attempt to obtain review of the circuit court's August 24, 2017, order denying his habeas petition. Both West Virginia Code § 58-5-4 and Rule 5(f) of the Rules of Appellate Procedure provide that there is a four-month period to appeal a final judgment or order. In *West Virginia Department of Energy v. Hobet Mining and Construction Company*, 178 W.Va. 262, 358 S.E.2d 823 (1987), we found that "[the] failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal." *Id.* at 264, 358 S.E.2d at 825. The circuit court denied petitioner's habeas petition on August 24, 2017, and petitioner did not file his appeal until January 4, 2018, which is more than four months after the entry of the circuit court's order. While petitioner filed a Rule 60(b) motion on September 25, 2017, in syllabus point one of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), we held that "[a] motion made pursuant to Rule 60(b) . . . does not toll the running of the appeal time . . . provided by West Virginia Code [§ 58-5-4]." Therefore, we decline to revisit our prior correct determination that petitioner's appeal of the August 24, 2017, denial of his habeas petition was

---

[4]Based on our review of the record, we find that the order is alternatively described as being entered on either August 24, 2017, a Thursday, or August 27, 2017, a Sunday. Given that the docket sheet for Ohio County Case No. 13-C-230 reflects that the order was entered August 24, 2017, we find that this is the date of the order's entry.

statutorily out-of-time.

We now address petitioner's appeal of the circuit court's December 27, 2017, order denying petitioner's Rule 60(b) motion. In syllabus points three and four of *Toler*, we held:

> 3. An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.

> 4. In reviewing an order denying a motion under Rule 60(b), . . . the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner.

157 W.Va. at 778, 204 S.E.2d at 86. We have further found that "Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit." *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W.Va. 692, 705, 474 S.E.2d 872, 885 (1996) (Footnote omitted.). Here, respondent argues that, except for a single assignment of error, petitioner merely seeks to relitigate issues that the circuit court had addressed in its August 24, 2017, order that petitioner is jurisdictionally barred from appealing. We agree. Based on our review of the record, we concur with the circuit court's finding that petitioner's Rule 60(b) motion "contain[ed] a recitation of [p]etitioner's previously asserted grounds for habeas relief."

As for that single assignment of error that petitioner may raise, petitioner argues that he is entitled to relief from judgment pursuant to Rule 60(b) because the circuit court's August 24, 2017, order failed to comply with this Court's mandate from *Watts II*.[5] Rule 26(b) of the Rules of Appellate Procedure provides, in pertinent part, "[t]he mandate must be read and construed together with the opinion." Reading the mandate together with our opinion from *Watts II*, we find that petitioner's case was remanded with directions for the circuit court to "mak[e] specific findings of fact and conclusions of law to support its ruling." 238 W.Va. at 736, 798 S.E.2d at 862. Based on our review of the record, we find that the circuit court's August 24, 2017, order complied with the mandate because the circuit court made comprehensive findings of fact and conclusions of law addressing each of petitioner's twenty-three grounds for relief. Therefore, as the circuit court properly found there was no justification to grant petitioner relief from its August 24, 2017, denial of the habeas petition, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 60(b) motion.

For the foregoing reasons, we affirm the circuit court's December 27, 2017, order denying

---

[5]Rule 60(b)(6) provides, in pertinent part, that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment." *See* Syl. Pt. 3, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003) (holding that "[u]pon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal").

petitioner's Rule 60(b) motion for relief from its August 24, 2017, order denying his petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** June 17, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5