STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Jack W.,
**Petitioner Below, Petitioner**

**vs)   No. 20-0540** (Ohio County 19-C-176)

Donnie Ames, Superintendent,
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


# MEMORANDUM DECISION


Self-represented petitioner Jack W. appeals the April 14, 2020, order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Katherine M. Smith, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 28, 2011, petitioner was sentenced in the Circuit Court of Ohio County to an aggregate term of incarceration of 215 to 705 years and fifty years of supervised release upon his conviction of four counts of first-degree sexual assault, five counts of first-degree sexual abuse,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

and nine counts of sexual abuse by a person in a position of trust to a child. In *State v. [Jack W.]*, No. 11-1643, 2013 WL 1632091 (W. Va. April 16, 2013) (memorandum decision) ("*Jack W. I*"), petitioner challenged on appeal the circuit court's ruling that permitted the State to offer evidence at trial pursuant to Rule 404(b) of the West Virginia Rules of Evidence of petitioner's prior conviction for sending explicit text messages and soliciting a minor. *Id.* at \*1. This Court found no error and affirmed petitioner's convictions. *Id.* at \*3.

On July 17, 2013, petitioner filed a petition for a writ of habeas corpus in the circuit court, asserting twenty-three grounds for relief.[2] The circuit court appointed habeas counsel to file an amended habeas petition on petitioner's behalf and set an omnibus habeas corpus hearing for October 31, 2013. Subsequently, the circuit court continued the October 31, 2013, omnibus hearing and held a status hearing on January 10, 2014. Petitioner was not present at the status hearing. However, habeas counsel stated that he had met with petitioner to review the *Losh* checklist and that petitioner insisted on raising all of the grounds set forth in his original petition.[3] Counsel further stated that given the size of the record, he needed "additional time . . . to review the balance of the [trial] transcripts." Accordingly, the circuit court gave habeas counsel additional time and directed that an amended petition be filed on or before April 1, 2014. No amended petition was filed,[4] and the circuit court denied petitioner's original habeas petition by order

---

[2]Petitioner's twenty-three grounds for habeas relief were: (1) erroneous admission of evidence under Rule 404(b) of the West Virginia Rules of Evidence; (2) trial counsel's failure to file a motion to quash the indictment; (3) trial counsel's failure to subpoena and call defense witnesses; (4) trial counsel's failure to investigate petitioner's case; (5) trial counsel's failure to challenge "carbon copy" counts of the indictment on double jeopardy grounds; (6) trial counsel's failure to give proper advice as to whether to accept a plea offer; (7) trial counsel's failure to challenge the lack of a preliminary hearing; (8) trial counsel's failure to file a motion for a change of venue due to prejudicial media coverage; (9) trial counsel's failure to strike unqualified jurors; (10) trial counsel's failure to protect petitioner's right not to incriminate himself; (11) trial counsel's failure to request that the investigating officer be sequestered; (12) the State's failure to timely produce exculpatory evidence in the form of original statements by the victims; (13) prejudicial delay in prosecuting petitioner; (14) failure by an adult witness to immediately report the alleged crimes to the police; (15) unconstitutionally disproportionate sentence; (16) misconduct in obtaining a superseding indictment; (17) knowing use of perjured testimony; (18) prejudicial statements during closing arguments; (19) erroneous denial of petitioner's motion to set aside the verdict; (20) erroneous denial of petitioner's motion to suppress evidence; (21) appellate counsel's failure to raise all available issues in petitioner's appeal in *Jack W. I*; (22) use of improper techniques during interview of the complaining witnesses; and (23) cumulative error depriving petitioner of a fair trial.

[3]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See* 166 W. Va. at 768-70, 277 S.E.2d at 611-12.

(continued . . .)

entered on May 21, 2015.

On appeal, in *[Jack W.] v. Ballard*, 238 W.Va. 730, 798 S.E.2d 856 (2017) ("*Jack W. II*"),[5] this Court found that the circuit court failed to make adequate findings of fact and conclusions of law justifying its denial of relief on the grounds asserted in the habeas petition. *Id.* at 733, 798 S.E.2d at 859. Accordingly, this Court reversed the May 21, 2015, order and remanded petitioner's case to the circuit court with directions to make specific findings of fact and conclusions of law to support its ruling. *Id.* at 736, 798 S.E.2d at 862. On remand, the circuit court entered an order on August 24, 2017, denying petitioner's habeas petition and making comprehensive findings of fact and conclusions of law showing that each of petitioner's twenty-three grounds for relief was without merit. Petitioner did not immediately appeal the second denial of his habeas petition, but on September 25, 2017, filed a motion for relief from the August 24, 2017, order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. The circuit court denied petitioner's motion by order entered on December 27, 2017.

On January 4, 2018, petitioner appealed the denial of his first habeas petition a second time. In *[Jack W.] v. Ames*, No. 18-0003, 2019 WL 2499329 (W. Va. June 17, 2019) (memorandum decision) ("*Jack W. III*"), petitioner appealed both the circuit court's August 24, 2017, denial of his habeas petition and its December 27, 2017, denial of his Rule 60(b) motion. However, this Court declined to review the August 24, 2017, denial of the habeas petition, finding that it was appealed "out-of-time." *Id.* at *2.[6] The Court affirmed the denial of petitioner's Rule 60(b) motion. *Id.* at *4.

On July 24, 2019, petitioner filed the instant habeas petition in the circuit court, reasserting

---

[4]Rather than filing an amended habeas petition, habeas counsel filed a document with the circuit court titled a "Certificate of No Merit" informing the court that he could not "ethically, and within the applicable rules, argue any of the issues asserted in the pending [h]abeas [c]orpus [p]etition" and that "there exists no other viable grounds for [h]abeas [c]orpus relief by virtue of an [a]mended [p]etition for [h]abeas [c]orpus as a [h]abeas [c]orpus action would have no merit."

[5]In *[Jack W.] v. Ballard*, 238 W.Va. 730, 798 S.E.2d 856 (2017) ("*Jack W. II*"), petitioner filed his appeal as a self-represented litigant. However, "[b]y order entered on September 14, 2016, we scheduled this case for oral argument; ordered the Public Defender Services Appellate Division to provide counsel for . . . petitioner; and directed the parties to re-brief the matter with any necessary supplemental appendix." *Id.* at 732 n.4, 798 S.E.2d at 858 n.4.

[6]West Virginia Code § 58-5-4 and Rule 5(f) of the West Virginia Rules of Appellate Procedure provide that there is a four-month period to appeal a final judgment or order. In *West Virginia Department of Energy v. Hobet Mining and Construction Company*, 178 W. Va. 262, 358 S.E.2d 823 (1987), we found that "[the] failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal." *Id.* at 264, 358 S.E.2d at 825. In Syllabus Point 1 of *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974), we held that "[a] motion made pursuant to Rule 60(b) . . . does not toll the running of the appeal time[.]"

his grounds for relief from his first petition. With regard to his ineffective assistance of trial counsel claim, petitioner added the allegation that trial counsel failed to retain an expert to review the statements given to the police by the complaining witnesses. Petitioner further alleged that habeas counsel failed to provide effective assistance in the first habeas proceeding. By order entered on April 14, 2020, the circuit court found that it could summarily deny any claim that was raised or could have been raised in the first habeas proceeding. The circuit court rejected petitioner's ineffective assistance of habeas counsel claim by finding that (1) it "denied the viability" of the claims petitioner raised in the first habeas proceeding; and, therefore, (2) counsel's performance was not ineffective assistance.

Petitioner now appeals the circuit court's April 14, 2020, order denying the instant habeas petition. This Court reviews a circuit court order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's *second* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981): "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]"

On appeal, petitioner argues that the circuit court erred in finding that it could summarily deny any claim that was raised or could have been raised in the first habeas proceeding. Petitioner further argues that the doctrine of res judicata does not apply in this case because the October 31, 2013, omnibus habeas corpus hearing was continued and never held. We disagree.

In *Jack W. II*, we remanded petitioner's case to the circuit court with directions *not* to hold

a hearing, but to make specific findings of fact and conclusions of law to support its denial of the first petition. *Id.* at 736, 798 S.E.2d at 862. We held that the circuit court may deny the petition "without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." *Id.* at 735, 798 S.E.2d at 861 (quoting Syl. Pt. 1, in part, *Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658). In addition, we have previously found that the doctrine of res judicata barred petitioner from reasserting a claim raised in the first habeas petition. In *State v. [Jack W.]*, No. 18-1055, 2019 WL 5092962 (W. Va. October 11, 2019) (memorandum decision) ("*Jack W. IV*"), petitioner appealed the denial of a motion for reduction in sentence that the circuit court denied as untimely filed. On appeal, petitioner "argue[d] that the circuit court should have . . . determine[d] whether [trial] counsel effectively advised him about motion strategy." *Id.* at *2. In affirming the denial of the motion for reduction in sentence, we found the ineffective assistance of trial counsel claim raised in *Jack W. IV* was "waived pursuant to [S]yllabus [P]oint 4 [of] *Losh*[.]" *Id.* In light of our rulings in *Jack W. II* and *Jack W. IV*, we find that the doctrine of res judicata applies in this case and that the circuit court properly found that it could summarily deny any claim that was raised or could have been raised in the first habeas proceeding.

Pursuant to Syllabus Point 4 of *Losh*, petitioner may raise ineffective assistance of habeas counsel in a successive petition. The standards for evaluating an ineffective assistance claim are as follows:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).
>
> . . . .
>
> In deciding ineffective of [sic] assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. Pts. 1 & 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).[7]

Petitioner argues that the circuit court erred in rejecting his ineffective assistance of habeas

---

[7]The second prong of the *Strickland/Miller* test is often referred to as the "prejudice" prong. *See State v. Hutton*, 235 W.Va. 724, 739, 776 S.E.2d 621, 636 (2015).

5

counsel claim by finding that (1) it "denied the viability" of the claims petitioner raised in the first habeas proceeding; and, therefore, (2) counsel's performance was not ineffective assistance. Respondent counters that the circuit court properly disposed of this claim on the second prong of the *Strickland/Miller* test. We agree with respondent.

In *Losh*, we found that a circuit court may "summarily deny unsupported claims." 166 W. Va. at 771, 277 S.E.2d at 612. Here, petitioner fails to argue that habeas counsel's allegedly deficient performance changed the result of the first habeas proceeding apart from asserting that the circuit court should have found merit in his habeas claims. We find that petitioner's assertion is belied by the comprehensive findings set forth in the circuit court's August 24, 2017, order in which the court provided analysis for its determination that each of petitioner's twenty-three grounds for relief was without merit.[8] Therefore, because the circuit court's findings show that relief would not have been granted regardless of counsel's actions, we find that any alleged deficiency in habeas counsel's performance did not prejudice petitioner. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the instant habeas petition.

For the foregoing reasons, we affirm the circuit court's April 14, 2020, order denying his instant petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** March 16, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[8]Petitioner disputes the findings set forth in the circuit court's August 24, 2017, order. However, as respondent notes, in *[Jack W.] v. Ames*, No. 18-0003, 2019 WL 2499329 (W. Va. June 17, 2019) (memorandum decision) ("*Jack W. III*"), we found that "petitioner's appeal of the August 24, 2017, denial of his [first] habeas petition was statutorily out-of-time." *Id.* at *2.