STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**November 8, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Harry Reynolds,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0256** (Raleigh County 18-C-23)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Harry Reynolds appeals two orders of the Circuit Court of Raleigh County. In the first order, entered on March 12, 2020, the circuit court denied petitioner's petition for a writ of habeas corpus. In the second order, entered on February 23, 2021, the circuit court denied petitioner's motion to alter or amend the March 12, 2020, order. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in the Circuit Court of Raleigh County for first-degree murder, kidnapping, and conspiracy. All three charges were related to the 1990 death of John Maxwell ("the victim"). At trial, the trial court allowed the State to introduce collateral crime evidence—that petitioner stabbed the victim in 1988—for the purpose of showing that petitioner had a prior motive to kill the victim. The State further presented Walter Leach as a witness, who testified that,

1

directly prior to the death of the victim, he saw petitioner's co-defendant, Paul Farmer,[1] force the victim into a vehicle driven by Yurfredia Evans; he saw petitioner get into the vehicle's backseat with the victim; and he saw Mr. Farmer get into the vehicle's front passenger seat. Mr. Leach also testified that, on a later date, petitioner warned him that, if he "said anything[,] there would be another body buried beside that one."

Mr. Leach was not the State's sole witness. Ms. Evans testified that, after Mr. Farmer got into the front passenger seat and petitioner and the victim got into the backseat, while she driving, she heard a gunshot from the backseat of the vehicle. Ms. Evans went on to state that when they arrived at a wooded area where the victim's body was subsequently buried, the victim was still breathing. Ms. Evans further stated that petitioner and Mr. Farmer removed the still-breathing victim from the vehicle and went into the wooded area. Ms. Evans heard more gunshots, and petitioner and Mr. Farmer returned to the vehicle without the victim. Ms. Evans testified that she then drove the vehicle to her residence where petitioner and Mr. Farmer obtained a shovel, gasoline, and a blanket. Thereafter, petitioner and Mr. Farmer left Ms. Evans' house.

When the victim's body was recovered, forensic examination showed that his death resulted from a gunshot from a weapon found to be in petitioner's possession and/or control. The victim also had been stabbed, and his body had been burned. Ms. Evans identified a fragment of the blanket in which the victim was burned as the blanket petitioner and Mr. Farmer took from her residence. Following trial, a jury found petitioner guilty of all counts and did not recommend mercy on either the first-degree murder or the kidnapping convictions. Accordingly, the trial court sentenced petitioner to two life terms of incarceration, without the possibility of parole, and a term of one to five years of incarceration for the conspiracy conviction. The trial court further ruled that petitioner's life sentences were consecutive to each other and that the sentence for conspiracy would be served concurrently. Petitioner appealed his convictions and sentences in 1991, but this Court refused his appeal.

In 1994, petitioner filed a petition for a writ of habeas corpus. After a number of substitutions of counsel, habeas counsel filed an amended petition on May 14, 1998, alleging the following grounds for relief: (1) the trial court erred in admitting the victim's recorded statement as a dying declaration following the 1988 incident when petitioner stabbed the victim; (2) the probative value of the victim's dying declaration from 1988 was substantially outweighed by the danger of unfair prejudice; (3) petitioner was denied a fair trial by the admission of evidence regarding the 1988 stabbing pursuant to Rule 404(b) of the West Virginia Rules of Evidence ("Evidence Rules"); (4) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the fact that Mr. Leach was aware of certain federal charges against him; (5) the trial court failed to properly instruct the jury that eligibility for parole does not mean immediate release on parole once eligibility is achieved; (6) petitioner was effectively denied his right to testify on his own behalf due to the trial court's ruling that the State could cross-examine him with the 1988 stabbing of the victim; (7) the trial court erred in admitting a gun and a knife seized during

---

[1]Mr. Farmer was tried separately. *See State v. Farmer*, 191 W. Va. 372, 445 S.E.2d 759 (1994).

petitioner's arrest; (8) petitioner was denied his right to cross-examine Mr. Leach about the federal charges against Mr. Leach due to the State's failure to disclose the fact that Mr. Leach was aware of those federal charges; and (9) there was systematic exclusion of African-Americans from the jury selection process.

By order entered on February 18, 1999, the habeas court found that petitioner stated a prima facie case for relief only with regard to grounds six through nine of his amended petition. Accordingly, the circuit court summarily denied relief with regard to grounds one through five of the amended petition. Regarding the remaining grounds for relief, the habeas court ordered that "a hearing be held on [those] grounds," at which petitioner shall "be prepared to present his evidence in this matter and that [respondent shall] be prepared to present . . . evidence . . . in rebuttal thereto."

By order entered January 17, 2001, the habeas court found that at a January 11, 2000, omnibus hearing, petitioner "failed to establish a basis for the relief requested[.]" Relevant here are the habeas court's rulings concerning petitioner's sixth and seventh grounds for habeas relief. Regarding petitioner's sixth ground for habeas relief, the habeas court found that the trial court did not effectively deny petitioner the right to testify on his own behalf. Rather, petitioner exercised his right *not* to testify based on the advice of his counsel (which petitioner did not claim to be ineffective) following the trial court's ruling that the State could cross-examine petitioner with regard to the 1988 stabbing of the victim pursuant to Evidence Rule 611(b)(1).[2] The habeas court determined that petitioner failed to show that the trial court's application of Evidence Rule 611(b)(1) amounted to constitutional error because he "made a bare assertion that he was faced with two undesirable choices, which is not enough for this court to grant [habeas] relief[.]" With regard to petitioner's seventh ground for habeas relief, the habeas court found that the State disclosed to the trial court under seal that Mr. Leach was unaware that he had been indicted on marijuana charges by federal prosecutors because the federal indictment itself was under seal at the time of petitioner's trial. The habeas court determined that detailed factual support was lacking for petitioner's claim that "Mr. Leach's cross-examination would have been more effective" when "Mr. Leach repeatedly and truthfully admitted that he had been a drug dealer" and petitioner's trial counsel "never moved for [the] disclosure of the sealed information [produced by the State]." Accordingly, the habeas court denied the amended petition. Petitioner appealed the denial of the amended petition, but this Court refused his appeal on April 2, 2002.

In notarized statements dated December 8, 2014, and September 7, 2017, Mr. Leach recanted the testimony he gave at petitioner's trial. In the December 8, 2014, statement, Mr. Leach affirmed that he never saw petitioner do anything when Mr. Farmer forced the victim into Ms. Evans' vehicle and that only petitioner, Mr. Farmer, and Ms. Evans know the series of events that occurred inside Ms. Evans' vehicle. Mr. Leach further stated that the victim was still alive when petitioner and Mr. Farmer returned to the wooded area to burn and bury the victim's body and that Mr. Farmer "said he finish[ed] [the victim] off." In the September 7, 2017, statement, Mr. Leach

---

[2] Evidence Rule 611(b)(1) provides: "A party may be cross-examined on any matter relevant to any issue in the case, including credibility. In the interest of justice, the judge may limit cross-examination with respect to matters not testified to on direct examination."

stated that his testimony at petitioner's trial was false because the police knew that Mr. Farmer killed the victim by "deliver[ing] the fatal shot." On November 30, 2017, petitioner filed the instant habeas petition as a self-represented litigant.[3] Thereafter, petitioner's retained habeas counsel filed an amended petition on May 7, 2018, alleging that (1) recantations by Mr. Leach of his trial testimony constituted newly discovered evidence entitling petitioner to a new trial; and (2) the State violated *Brady* by failing to disclose the fact that Mr. Leach was aware of certain federal charges against him.

By order entered on March 12, 2020, the habeas court found that it was not necessary to hold a hearing on either of petitioner's claims. The habeas court analyzed petitioner's claim for a new trial based on Mr. Leach's December 8, 2014, and September 7, 2017, statements pursuant to the test for evaluating newly discovered evidence set forth in the Syllabus of *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979), in which this Court held that

> "[a] new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894)[, *overruled on other grounds*, *State v. Bragg*, 140 W. Va. 585, 87 S.E.2d 689 (1955)].

The habeas court denied a new trial based on the last two factors of the *Frazier* test. The habeas court found that the "new evidence" was Mr. Leach's assertion that his testimony at petitioner's

---

[3]The instant petition is petitioner's third habeas petition as a second petition was denied by order entered on July 11, 2007. Petitioner appealed the habeas court's July 11, 2007, order, but this Court refused his appeal by order entered on March 13, 2008.

With regard to the instant petition, petitioner identified it as a motion for a new trial. Upon inquiry from the circuit clerk, the habeas court directed that the motion be filed as a habeas petition as well as a motion for a new trial. However, in its March 12, 2020, order denying the petition (and motion), the habeas court properly found that, as petitioner's claim for a new trial was based upon newly discovered evidence, "[t]he burdens in both cases are identical." *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 325 n.18, 465 S.E.2d 416, 427 n.18 (1995) (citing *U.S. v. Smith*, 62 F.3d 641, 649 (4th Cir. 1995)). Therefore, for purposes of appeal, we construe the petition solely as a habeas petition.

trial was false and that Mr. Leach's "claimed recantation is an impeachment or discrediting of his own past trial testimony." The habeas court determined that such impeachment evidence constituted an insufficient basis on which to award a new trial because—disregarding the entirety of Mr. Leach's trial testimony—Ms. Evans' testimony and the forensic evidence would produce the same result as was obtained at petitioner's trial: his convictions for first-degree murder, kidnapping, and conspiracy.

The habeas court further found that petitioner's claim that the State failed to disclose impeachment evidence in violation of *Brady* was adjudicated in the prior habeas proceeding where "the issues associated with [Mr.] Leach's knowledge and understanding pertaining to a federal charge against him and the impact, if any, of the existence of the federal charges on [Mr.] Leach's testimony in . . . [p]etitioner's trial were thoroughly explored[.]" Accordingly, the habeas court denied the amended petition.

On May 20, 2020, outside the ten-day time frame for such a motion, petitioner filed a motion pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure ("Civil Procedure Rules") to alter or amend the habeas court's March 12, 2020, order denying the amended petition.[4] In the motion, petitioner attempted to raise a claim rejected in the first habeas proceeding—that he was effectively denied the right to testify on his own behalf due to the trial court's ruling regarding the scope of cross-examination. By order entered on February 23, 2021, the habeas court neither denied the motion as untimely nor construed the motion as a motion for relief from judgment pursuant to Civil Procedure Rule 60(b). Rather, the habeas court denied the motion as procedurally improper because it did not seek to alter or amend the court's judgment with regard to the two claims raised in the instant proceeding.

Petitioner filed his appeal in this case on March 31, 2021. For the purposes of petitioner's appeal, we construe the motion as a motion pursuant to Civil Procedure Rule 60(b). Unlike a Rule 59(e) motion, a Rule 60(b) motion does not toll the running of a party's four-month appeal time with regard to the underlying order until the motion is decided.[5] *See* Syl. Pt. 1, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974).

In *West Virginia Department of Energy v. Hobet Mining and Construction Co.*, 178 W. Va. 262, 358 S.E.2d 823 (1987), we found that "[the] failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal." *Id.* at 264, 358 S.E.2d at 825. Here, we find that we can accept petitioner's appeal from the underlying order because, due to a need to correct minor errors in the March 12, 2020, order, the habeas court *reentered* its order denying the amended petition as a corrected order on the same day that it denied the motion, February 23, 2021. Therefore, based upon our review of the record, we find that petitioner timely appealed the habeas court's February 23, 2021, corrected order denying the amended petition and

---

[4]Civil Procedure Rule 59(e) provides that a "motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."

[5]West Virginia Code § 58-5-4 and Rule 5(f) of the West Virginia Rules of Appellate Procedure provide that there is a four-month period to appeal a final judgment or order.

5

the February 23, 2021, order denying the motion for relief from judgment.

In *Powderidge Unit Owners Association v. Highland Properties, Ltd.*, 196 W. Va. 692, 706, 474 S.E.2d 872, 886 (1996), we found that a motion filed pursuant to Civil Procedure Rule 60(b) "is simply not an opportunity to reargue facts and theories upon which a court has already ruled." *See* Syl. Pt. 2, *N.C. v. W.R.C.*, 173 W. Va. 434, 317 S.E.2d 793 (1984) (defining an "independent action" under Civil Procedure Rule 60(b) as "an equitable action that does not re[-]litigate the issues of the final judgment, order[,] or proceeding from which relief is sought and is one that is limited to special circumstances"). Accordingly, we review the circuit court's rulings from both orders entered on February 23, 2021, together as the parties dispute the extent to which the doctrine of res judicata bars petitioner from re-litigating issues rejected in the first habeas proceeding.

This Court reviews a circuit court's order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Because we have before us the denial of petitioner's *third* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: . . . newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.[6]

---

[6]We note petitioner's contention that he was not afforded an omnibus hearing in his first
(continued . . .)

(Footnote added). With regard to the *Brady* claim, the habeas court in the first habeas proceeding construed this claim as consisting of two separate issues: an alleged *Brady* violation and an alleged denial of the right to comprehensively cross-examine Mr. Leach due to a non-disclosure by the State. We find that, due to the findings set forth in both the February 18, 1999, and the January 17, 2001, orders, the habeas court addressed and rejected the entirety of the claim in the first habeas proceeding. Similarly, while the habeas court in the first habeas proceeding did not deny the claim regarding the right to testify in the February 18, 1999, order, it ultimately concluded in its January 17, 2001, order that petitioner's "bare assertion" of the claim was insufficient to raise it. *See Losh*, 166 W. Va. at 771, 277 S.E.2d at 612 ("A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ[.]"). We find that this claim too was rejected in its entirety in the first habeas proceeding.

With regard to the claim regarding the right to testify, petitioner further argues that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018)—a case decided approximately twenty-seven years after his convictions—represented a change in the law favorable to him. However, the claim raised in *McCoy* was that defense counsel overrode the defendant's decision not to make an admission of guilt. *See id.* at 1505. Petitioner never made such an allegation about his trial counsel. Rather, petitioner's allegation was that *the trial court*—not trial counsel—forced his decision not to testify by making an adverse ruling (rulings adverse to the defense occur in most criminal trials). Accordingly, we find that *McCoy* is distinguishable and inapplicable to this case. Therefore, of the three issues petitioner raised in either the amended petition or the post-judgment motion, we find that, pursuant to Syllabus Point 4 of *Losh*, petitioner was barred from raising his *Brady* claim and the claim regarding the right to testify as both of those claims were rejected in the first habeas proceeding.

Pursuant to Syllabus Point 4 of *Losh*, petitioner is permitted to argue that he deserves a new trial based upon newly discovered evidence. We agree with the habeas court's finding that the "new evidence" in this case was Mr. Leach's assertion that his testimony at petitioner's trial was false. As we explained in *Anstey*, if the new evidence is intended to impeach a witness other than the key prosecution witness, a new trial is not required when "the other *Frazier* factors are not met." 237 W. Va. at 425 n.53, 787 S.E.2d at 878 n.53. Here, we agree with the habeas court's finding that the fourth *Frazier* factor was not met because, even if the court would disregard the entirety of Mr. Leach's trial testimony, Ms. Evans' testimony and the forensic evidence would produce the same result as was obtained at petitioner's trial. Therefore, we find that the habeas court properly rejected the claim that petitioner is entitled to a new trial based upon newly discovered evidence. Accordingly, we conclude that the habeas court did not abuse its discretion in denying the amended petition.[7]

---

habeas proceeding and find that it is contrary to the findings set forth in the habeas court's February 18, 1999, and January 17, 2001, orders.

[7]To the extent that petitioner alleges that habeas counsel provided ineffective assistance in the instant proceeding, we decline to consider those allegations in this appeal. As we stated in (continued . . .)

For the foregoing reasons, we affirm the circuit court's February 23, 2021, corrected order denying petitioner's petition for a writ of habeas corpus and its February 23, 2021, order denying petitioner's motion for relief from judgment.

Affirmed.

**ISSUED:** November 8, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

*Watts v. Ballard*, 238 W. Va. 730, 798 S.E.2d 856 (2017), "the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the court below." *Id.* at 735 n.7, 798 S.E.2d at 861 n.7 (internal quotations and citations omitted).